IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00248 DAE |
| Plaintiff, | ) ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| vs. SAMUEL KAAUWAI III, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION

FACTS:

The defendant, SAMUEL KAAUWAI III, was charged in a three-count indictment. Counts 1, 2 and 3 charged acts relating to a search on March 17, 2003 of a Nike backpack pursuant to a search warrant. In the backpack was found an unloaded black Beretta .380 caliber semiautomatic pistol with its serial number removed and a magazine holding five .380 rounds. The search warrant was based on an alleged robbery on March 14, 2003 at a condominium/hotel located at 2240 Kuhio avenue. The complainant identified the defendant from a photo lineup as the male who asked for and took money from him. Police officers, while still at the condominium, saw the defendant and an acquaintance, Rayna Batara (hereinafter Batara), enter the lobby. The Police arrested the

defendant. The police searched the defendant and found .309 gram of methamphetamine and $1554 in his shorts pocket. Batara had a small black backpack that she said was the defendant's. The police questioned the defendant on March 15, 2003 after he waived his Miranda rights. He denied asking for or taking the complainant's money and also denied that the black backpack was his. On May 15, 2003 a three count indictment was filed in federal district court against the defendant. Count 1 was charged as felon in possession of a firearm, count 2 was being in possession of a firearm while being an unlawful user of a controlled substance and count 3 was possession of a firearm with the serial number removed.

William Domingo (hereinafter Domingo), assistant federal public defender, was appointed to represent defendant. Domingo only advice to defendant was that there were four witnesses set to testify against him. Defendant was a convicted felon, that if he didn't plead guilty he would get "life" (see Exhibits A). On another occasion Domingo mentioned a range of levels 24 to 32 with a criminal history category of 6 (see Exhibit B). Not once, however, was the defendant able to explain what happened to Domingo, that the backpack was not his and that the main witness Batara, had a motive to lie about him. She had previously brought

charges if kidnaping in the first degree and sex assault against him and that these charges had either been dismissed or reduced to lessor charges in state court.

The defendant was quite fearful given Domingo's statements to him. The defendant was quite dependent on Domingo's advice and representations to him.

Prior to defendant's incarceration for the federal charges, he only had a 10th grade education and did not understand federal court procedure, constitutional rights, elements of a crime, motions to suppress, ineffective assistance of counsel and his right to a jury trial. Domingo, for example, never explained to defendant the difference between actual and constructive possession. Since possession went to the elements of the crime, defendant asserts the distinction between actual and constructive should have been made known to him. Since defendant's incarceration, his receiving his general education degree and his own self study has led him to conclude that Domingo's advice was "ineffective" and inept.

On October 17, 2003 defendant withdrew his not guilty plea and entered a guilty plea pursuant to a plea agreement where he pled guilty to count 1, a felon in possession of a firearm and ammunition that had previously been a part of interstate commerce. Pursuant to the plea agreement counts 1 and 2 were dismissed. In the colloquy between the Court and the defendant he did admit that the firearm and ammunition were his and that they had been a part of interstate commerce.

Defendant pled guilty because Domingo did "intimidate and coerce me." (See Exhibit A). On August 9, 2005 Domingo filed a Motion for

Withdrawal and Substitution of Counsel. On August 12, 2005 an Order Granting Motion for Withdrawal and Substitution of Counsel was granted. Alexander Silvert, of the Federal Public Defender's Office, then filed on August 17, 2005 a Motion for Withdrawal and Substitution of Counsel. On August 23, 2005 the Motion was granted. Glenn D. Choy (hereinafter Choy) was appointed new counsel.

Defendant did ask Choy to file a Motion to Withdraw Guilty Plea. This was never done. On September 5, 2006 Choy filed a Motion for Withdrawal and Substitution of Counsel. The Court granted the Motion on September 21, 2006 and appointed present counsel on the same date.

As a footnote to this case the robbery charge against the defendant was never brought to court and the time limit for prosecution expired on March 14, 2006. (See Hawaii Revised Statutes § 701-108(2)(d))

ARGUMENT:

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure governs the withdrawal of a guilty plea and provides that:

> "A defendant may withdraw a plea of guilty or nolo contendere...after the court accepts the plea, but before it imposes sentence if...the defendant can show a fair and just reason for requesting the withdrawal."

It is the defendant's burden to show a fair and just reason for the withdrawal of a plea. The standard for allowing such a withdrawal should be a liberal one. In United States v. Signori, 844 F.2d 635, 637 (9th Cir.. 1988) the Court stated that a motion to withdraw a plea prior to sentencing should be "freely allowed". A defendant should not be held to the more stringent post-sentencing standard of showing that his plea was invalid. (See United States v. Davis, 428 F.3d at 802, 806 (9th Cir. 2005) distinguishing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)).

The Court has held that "[A] defendant may demonstrate a fair and just reason for plea withdrawal by showing that his counsel's gross mischaracterization plausibly could have motivated his decision to plead guilty." (See Davis F. 3d at 808). The mischaracterization that occurred in Mr. Kaauwai's (hereinafter Kaauwai) case occurred when Domingo used the evidence and Kaauwai's prior criminal history solely to intimidate Kaauwai into pleading guilty. Kaauwai did not have the opportunity to tell Domingo what happened. Upon Kaauwai's arrest and subsequent interrogation by the police, he denied asking for and taking any money from the complaining witness. What is more important, however, was that he denied that the black backpack that Batara had was his. Adding further credibility to Kaauwai's statements is that the prosecution of the robbery case expired on March 14, 2006. The expiration was not due to any explicit or implicit plea agreement involving Kaauwai and the

city or government prosecutors. In the instant case there was gross mischaracterization and ineffective assistance of counsel. Based on the foregoing, Mr. Kaauwai respectfully requests that this Court allow him to withdraw his guilty plea of October 17, 2003

DATED: Honolulu, Hawaii, November 16, 2006.

_____
CLAYTON KIMOTO
Attorney for Defendant
SAMUEL KAAUWAI III