IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 03-00248 DAE |
| | ) |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| | ) |
| vs. | ) |
| | ) |
| SAMUEL KAAUWAI III, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF COUNSEL

I, CLAYTON KIMOTO, hereby declare as follows:

1. I am counsel for defendant, SAMUEL KAAUWAI III, having been appointed pursuant to the Criminal Justice Act.

2. Defendant is currently being housed at the Federal Detention Center awaiting sentencing which is presently scheduled for November 27, 2006.

3. Defendant directed counsel to file a Motion to Withdraw his Guilty plea. Most of the grounds for the withdrawal of the guilty plea go to the alleged ineffective assistance of counsel and "gross mischaracterization" of defendant's first attorney William Domingo (hereinafter Domingo).

4. At the hearing on the Motion to Withdraw Guilty Plea it is expected that the government will call Domingo as a witness. There will be much

dissonance between the testimony of Domingo and the defendant. The dissonance will not only be a factual one but one that involves the character, integrity and the ineffective assistance of Domingo.

5. During the week of November 13, 2006 counsel explained to defendant that he had known Domingo for eighteen years. The first ten years Mr. Domingo and counsel were colleagues at the State Office of the Public Defender. During that time counsel and Domingo consistently interacted with one another, including playing sports outside of the office. Counsel also attended the funeral of Domingo's father and Domingo's brother Samuel Domingo officiated at the funeral of one of the relatives of counsel's wife. Counsel and Domingo have also kept in contact with one another after the State Public Defender's Office. Counsel has also relied on Domingo at times for advice relating to the defense of Federal cases. Most recently on October 9, 2006 counsel and Domingo attended a seminar where they had lunch with each other.

6. Counsel explained to defendant that because of his long relationship with Domingo he could not effectively address or cross examine Domingo on the factual, character, integrity and assistance issues germane to the Motion to Withdraw Guilty Plea. Counsel further told defendant that he expected

a great degree of dissonance between Domingo's testimony and that of the defendant. Counsel, to be effective, should try to resolve the dissonance in favor of defendant. Because of counsel's long relationship with Domingo, counsel would be very conflicted if he tried to do this.

7. Defendant agrees that counsel would be ineffective at a hearing on his Motion to Withdraw which he considers crucial to his case. Defendant also feels that counsel should withdraw because he believes in Domingo's integrity, character and effectiveness and therefore disbelieving of defendant's representations.

8. Counsel would point out that Alexander Silvert of the Federal Public Defender's Office was allowed to withdraw from the case because Domingo was with the Office when he represented defendant. Here, counsel and Domingo were not only colleagues at the same office for a longer period of time but have been in contact both professionally and socially after they left the office.

9. Counsel feels that the attorney-client relationship is so badly damaged that it cannot be repaired.

5. That new counsel should be appointed from the CJA panel since Mr. Kaauwai's indigency status has not changed.

6. The facts and statements set forth in the foregoing document

3

are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, November 16, 2006.

CLAYTON KIMOTO
Attorney for Defendant
SAMUEL KAAUWAI III