IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 03-00248 DAE |
| | ) |
| Plaintiff, | ) DECLARATION OF COUNSEL |
| | ) |
| vs. | ) |
| | ) |
| SAMUEL KAAUWAI III, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DECLARATION OF COUNSEL**

I, CLAYTON KIMOTO, hereby declare as follows:

1. I am counsel for defendant, SAMUEL KAAUWAI III, having been appointed pursuant to the Criminal Justice Act.

2. Defendant is currently being housed at the Federal Detention Center awaiting sentencing.

3. On December 28, 2006 a hearing is scheduled on a Motion to Withdraw Defendant's Guilty Plea.

4. Along with the Motion to Withdraw Defendant's Guilty Plea a Motion to Withdraw as Counsel was also filed. That motion was heard by the Honorable Barry Kurren on December 1, 2006. While written findings from that hearing have not yet been filed, because the outcome of the December 1, 2006

may affect the hearing on December 28, 2006 to Withdraw Defendant's Guilty Plea, this Appeal was filed.

    5.    As a factual background to the filing of this Appeal, Defendant had directed counsel to file a Motion to Withdraw his Guilty plea. Most of the grounds for the withdrawal of the guilty plea went to the alleged ineffective assistance of counsel and alleged "gross mischaracterization" of defendant's first attorney William Domingo (hereinafter Domingo).

At the hearing on the Motion to Withdraw Guilty Plea it is expected that the government will call Domingo as a witness. If the government does not intend to call Domingo as a witness, Domingo will be called as a witness for the Defendant. There will be much dissonance between the testimony of Domingo and the defendant. The dissonance will not only be a factual one but one that involves the character, integrity and the alleged ineffective assistance of Domingo.

    6.    During the week of November 13, 2006 counsel explained to defendant that he had known Domingo for eighteen years. The first ten years Mr. Domingo and counsel were colleagues at the State Office of the Public Defender. During that time counsel and Domingo consistently interacted with one another, including playing sports outside of the office. Counsel also attended the funeral of

Domingo's father and Domingo's brother Samuel Domingo officiated at the funeral of one of the relatives of counsel's wife. Counsel and Domingo have also kept in contact with one another after the State Public Defender's Office. Counsel has also relied on Domingo at times for advice relating to the defense of Federal cases. Most recently on October 9, 2006 counsel and Domingo attended a seminar where they had lunch with each other.

7. Counsel explained to defendant that because of his long relationship with Domingo he could not effectively address or cross examine Domingo on the factual, character, integrity and assistance issues germane to the Motion to Withdraw Guilty Plea. Counsel further told defendant that he expected a great degree of dissonance between Domingo's testimony and that of the defendant. Counsel, to be effective, should try to resolve the dissonance in favor of defendant. Because of counsel's long relationship with Domingo, counsel would be very conflicted if he tried to do this.

8. Defendant agreed that counsel would be ineffective at a hearing on his Motion to Withdraw which he considers crucial to his case. Defendant also felt that counsel should withdraw because he believed in Domingo's integrity, character and effectiveness and was therefore disbelieving of defendant's representations.

9. At the hearing on the Motion to Withdraw as Counsel on December 1, 2006, the Court characterized counsel as disingenuous, in part because counsel filed the Motion to Withdraw in which allegations about Domingo were contained.

10. The Court also refused the Defendant a chance to speak at the Motion, even though the request was made respectfully and appropriately.

11. The facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, December 15, 2006.

_____
CLAYTON KIMOTO
Attorney for Defendant
SAMUEL KAAUWAI III