## **MEMORANDUM IN SUPPORT**

1. AN ATTORNEY SHOULD NOT REPRESENT A CLIENT WHEN THERE IS A CONFLICT OF INTEREST.

Rule 1.7 of the Hawaii Rules of Professional Conduct states in (b) that "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests...". In Strictland v. Washington, 466 United States 688 (1984) the Court held that an attorney's first loyalty is to his client. In the instant case the question is whether counsel's friendship with Domingo will materially affect his representation of and loyalty to Defendant.

Counsel has told Defendant that due to his prior and present friendship with Domingo, counsel would be conflicted with the expected dissonance in facts that would be articulated by Defendant and Domingo. Counsel has known Domingo for eighteen years and has found him to have high standards of integrity and ethical behavior. For the loyal and effective representation of the Defendant, counsel would have to characterize Domingo as a prevaricator and someone who thought more of his own interests than the interests of his client, the Defendant. Counsel has told Defendant that he cannot do this, thus violating Strictland v. Washington and Rule 1.7 (b) of the Hawaii Rules of Professional

Conduct. It was argued at the hearing of December 1, 2006 that the allegations in the Motion to Withdraw as Counsel showed that counsel's representation of Defendant would not be adversely affected since the allegations were critical of Domingo. First, the allegations were necessary for the Motion to Withdraw as Counsel to show the conflict that was the basis for the Motion. Second, the statements about Domingo were allegations and not statements of fact.

### 2. THE DEFENDANT SHOULD HAVE BEEN PERMITTED TO SPEAK TO THE MOTION.

In Green v. United States, 365 United States 301 (1961) the Court there said even the most persuasive counsel may not be able to speak as when a defendant, even in halting eloquence, speaks for himself. Even though this statement was said in the context of Federal Rules of Criminal Procedure 32 (a), this is no less applicable in the situation where the defendant, concerned about the effectiveness and loyalty of his counsel, was refused permission by the Court to speak about his concerns to the Court. The request to address the Court was made by the Defendant. The request was made respectfully and unambiguously. The Defendant respectfully requests a hearing on the Appeal, so at the very least he may address the Court, even in halting eloquence, where he may have the

2

chance to elocute that was denied to him at the hearing of December 1, 2006.

CLAYTON KIMOTO
Attorney for Defendant
SAMUEL KAAUWAI III