EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00248 DAE |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO ALLOW HIS COUNSEL, |
| vs. | ) | CLAYTON KIMOTO, ESQ., TO |
| | ) | WITHDRAW |
| SAMUEL M. KAAUWAI, III, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO ALLOW HIS
COUNSEL, CLAYTON, KIMOTO, ESQ., TO WITHDRAW

The defendant's motion to allow his counsel, Clayton
Kimoto, Esq., to withdraw was heard by the Court on December 1,
2006.  Marshall Silverberg, Assistant United States Attorney,
appeared on behalf of the United States; Clayton Kimoto, Esq.,
appeared on behalf of defendant Kaauwai.

Upon consideration of the defendant's motion and the
government's opposition thereto, and after hearing arguments from
both counsel, the Court orally denied the motion.  This Order
memorializes the Court's oral decision.

I.  **Background**

On May 15, 2003, the defendant was charged in a three-count Indictment with: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); being a user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Count 2); and possessing a firearm which had its serial number removed, in violation of 18 U.S.C. § 922(k) (Count 3).  On October 17, 2003, the defendant pleaded guilty, pursuant to a Memorandum of Plea Agreement, to Count 1 (i.e., being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)) in exchange for the government's agreement to move to dismiss counts 2 and 3 at time of sentencing.

At the time the defendant entered his guilty plea, he was represented by Assistant Federal Public Defender William Domingo.  Subsequently, Mr. Domingo left the Public Defender's Office and began the private practice of law.  He was allowed, however, to continue his prior representation of defendant Kaauwai in the instant matter.

On August 12, 2005, the Court granted the defendant's motion to allow Mr. Domingo to withdraw as his counsel.  The basis for the defendant's motion was his dissatisfaction with Mr. Domingo's services and his stated intention of moving to withdraw his guilty plea.  In granting the motion, the Court reappointed the Public Defender's Office to represent the defendant.

On August 22, 2005, the Court granted the Public
Defender's motion to withdraw from representing the defendant.
The basis for the motion was that an apparent conflict of
interest existed because the defendant alleged that he received
ineffective assistance of counsel when represented by Mr. Domingo
while he worked for the Public Defender's Office.  Glenn Choy,
Esq., was then appointed to represent the defendant.

On August 31, 2006, attorney Glenn Choy filed a motion
to withdraw from representing the defendant.  The basis for that
motion is that the defendant alleged that Mr. Choy had been
ineffective in representing him.  Mr. Choy further asserted that
there was an irretrievable breakdown in the attorney-client
relationship between him and the defendant.  On September 21,
2006, the Court granted the defendant's motion allowing Mr. Choy
to withdraw from further representing him.  The Court then
appointed Clayton Kimoto, Esq., to replace Mr. Choy.  Notably,
the Court informed the defendant at that time that no further
changes in court-appointed counsel would be permitted inasmuch as
Mr. Kimoto would become the defendant's fourth court-appointed
counsel.

Nonetheless, on November 17, 2006, Mr. Kimoto, on the
defendant's behalf, filed a motion to withdraw as the defendant's
counsel.  The basis for Mr. Kimoto's motion was that because he
is friends (and former colleagues) with the defendant's first

counsel, William Domingo, and because the defendant wanted to withdraw his guilty plea because of Mr. Domingo's alleged ineffectiveness, Mr. Kimoto claimed that he had a conflict between his friendship with Mr. Domingo and his duty of loyalty to the defendant.  The Court rejects that argument for the following reasons.

## II.  Discussion

First, there is no doubt that Mr. Kimoto must zealously represent the defendant.  *See, e.g.,* Hawaii Rules of Professional conduct, Preamble ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system.").

Second, although Mr. Kimoto has personal ties to Mr. Domingo, those ties are not sufficiently close to establish an actual conflict of interest.  The burden is on Mr. Kimoto to show an actual conflict of interest and he has not met that burden. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Third, the mere possibility of a conflict is not sufficient.  *See United States v. Villareal*, 324 F.3d 319, 327 (5th Cir. 2003).  "To prevail, a defendant must identify 'some plausible defense strategy or tactic [that] might have been pursued but was not, because of the conflict of interest.'"  *Id.*

Here, Mr. Kimoto already has shown the Court that he is willing to pursue a strategy of challenging Mr. Domingo's competency and integrity as a basis for allowing the defendant to

withdraw his guilty plea.  In his memorandum in support of the
defendant's motion to withdraw his guilty plea (document number
66 in the Court's file), Mr. Kimoto claimed:

> The mischaracterization that occurred in Mr. Kaauwai's
> (hereinafter Kaauwai) case occurred when Domingo used
> the evidence and Kaauwai's prior criminal history
> solely to intimidate Kaauwai into pleading guilty. . .
> .  In the instant case there was gross
> mischaracterization and ineffective assistance of
> counsel.

Def. Mem. in Support of Motion to Withdraw Guilty Plea at 5-6.

The Court finds there is no difference in challenging
Mr. Domingo's competence and integrity in a written filing than
in open court questioning.  In either case, Mr. Kimoto's loyalty
is to his client and not to any potential harm that might be
caused in his relationship with Mr. Domingo.

Finally, the Court notes that Mr. Domingo is a criminal
defense attorney who has appeared many times before this Court in
many cases.  The Court believes that Mr. Domingo understands that
Mr. Kimoto's only duty of loyalty is to the defendant and that he
(Mr. Domingo) will not take personally against Mr. Kimoto any
questioning regarding his competence and integrity in his prior
representation of the defendant in this case.

For all of these reasons, the defendant's motion to
allow Mr. Kimoto to withdraw is denied.  The Court expects Mr.
Kimoto to zealously represent the defendant in this case without

fear of any damage it might have to his personal relationship with Mr. Domingo.

SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 26, 2006

United States vs. Samuel M. Kaauwai, III
Cr. No. 03-00248 DAE
ORDER DENYING DEFENDANT'S MOTION TO ALLOW HIS
COUNSEL, CLAYTON, KIMOTO, ESQ., TO WITHDRAW