EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
E-Mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00248 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO THE DEFENDANT'S |
| vs. | ) | APPEAL OF MAGISTRATE JUDGE |
| | ) | KURREN'S ORDER DENYING HIS |
| SAMUEL M. KAAUWAI, III, | ) | MOTION TO ALLOW HIS COUNSEL TO |
| | ) | WITHDRAW; CERTIFICATE |
| Defendant. | ) | SERVICE |
| | ) | |
| | ) | Date: Jan. 9, 2007 |
| | ) | Time: 9:45 a.m. |
| _____ | ) | Judge: Hon. David A. Ezra |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE
DEFENDANT'S APPEAL OF MAGISTRATE JUDGE KURREN'S
ORDER DENYING HIS MOTION TO ALLOW HIS COUNSEL TO WITHDRAW**

The defendant's motion to allow his counsel, Clayton Kimoto, Esq., to withdraw was heard by U.S. Magistrate Judge Barry Kurren on December 1, 2006.  Marshall Silverberg, Assistant United States Attorney, appeared on behalf of the United States; Clayton Kimoto, Esq., appeared on behalf of defendant Kaauwai.

Upon consideration of the defendant's motion and the government's opposition thereto, and after hearing arguments from

both counsel, the Court orally denied the motion.  On December 26, 2006, Magistrate Judge Kurren filed a written order memorializing his oral decision.

On December 15, 2006, the defendant filed an appeal of Magistrate Judge Kurren's oral decision.  The government respectfully requests that the appeal be denied for the following reasons.

### I.  Background

On May 15, 2003, the defendant was charged in a three-count Indictment with: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); being a user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Count 2); and possessing a firearm which had its serial number removed, in violation of 18 U.S.C. § 922(k) (Count 3).  On October 17, 2003, the defendant pleaded guilty, pursuant to a Memorandum of Plea Agreement, to Count 1 (i.e., being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)) in exchange for the government's agreement to move to dismiss counts 2 and 3 at time of sentencing.

At the time the defendant entered his guilty plea, he was represented by Assistant Federal Public Defender William Domingo.  Subsequently, Mr. Domingo left the Public Defender's Office and began the private practice of law.  He was allowed, however, to continue his prior representation of defendant Kaauwai in the instant matter.

On August 12, 2005, the Court granted the defendant's motion to allow Mr. Domingo to withdraw as his counsel. The basis for the defendant's motion was his dissatisfaction with Mr. Domingo's services and his stated intention of moving to withdraw his guilty plea. In granting the motion, the Court reappointed the Public Defender's Office to represent the defendant.

On August 22, 2005, the Court granted the Public Defender's motion to withdraw from representing the defendant. The basis for the motion was that an apparent conflict of interest existed because the defendant alleged that he received ineffective assistance of counsel when represented by Mr. Domingo while he worked for the Public Defender's Office. Glenn Choy, Esq., was then appointed to represent the defendant.

On August 31, 2006, attorney Glenn Choy filed a motion to withdraw from representing the defendant. The basis for that motion is that the defendant alleged that Mr. Choy had been ineffective in representing him. Mr. Choy further asserted that there was an irretrievable breakdown in the attorney-client relationship between him and the defendant. On September 21, 2006, the Court granted the defendant's motion allowing Mr. Choy to withdraw from further representing him. The Court then appointed Clayton Kimoto, Esq., to replace Mr. Choy. Notably, the Court informed the defendant at that time that no further changes in court-appointed counsel would be permitted inasmuch as Mr. Kimoto would become the defendant's fourth court-appointed counsel.

Nonetheless, on November 17, 2006, Mr. Kimoto, on the defendant's behalf, filed a motion to withdraw as the defendant's counsel. The basis for Mr. Kimoto's motion was that because he is friends (and former colleagues) with the defendant's first counsel, William Domingo, and because the defendant wanted to withdraw his guilty plea because of Mr. Domingo's alleged ineffectiveness, Mr. Kimoto claimed that he had a conflict between his friendship with Mr. Domingo and his duty of loyalty to the defendant. On December 1, 2006, Magistrate Judge rejected that motion in an oral decision which was memorialized in a written order filed on December 26, 2006. The defendant now appeals from those decisions.

## II. Argument

The government respectfully requests that the appeal be denied for the following reasons.

First, there is no doubt that Mr. Kimoto must zealously represent the defendant. *See, e.g.,* Hawaii Rules of Professional conduct, Preamble ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system.").

Second, although Mr. Kimoto has personal ties to Mr. Domingo, those ties are not sufficiently close to establish an actual conflict of interest. The burden is on Mr. Kimoto to show an actual conflict of interest and he has not met that burden. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Third, the mere possibility of a conflict is not sufficient. *See United States v. Villareal*, 324 F.3d 319, 327

4

(5th Cir. 2003).  "To prevail, a defendant must identify 'some plausible defense strategy or tactic [that] might have been pursued but was not, because of the conflict of interest.'"  *Id.*

      Here, Mr. Kimoto already has shown the Court that he is willing to pursue a strategy of challenging Mr. Domingo's competency and integrity as a basis for allowing the defendant to withdraw his guilty plea.  In his memorandum in support of the defendant's motion to withdraw his guilty plea (document number 66 in the Court's file), Mr. Kimoto claimed:

> The mischaracterization that occurred in Mr. Kaauwai's (hereinafter Kaauwai) case occurred when Domingo used the evidence and Kaauwai's prior criminal history solely to intimidate Kaauwai into pleading guilty. . . .  In the instant case there was gross mischaracterization and ineffective assistance of counsel.

Def. Mem. in Support of Motion to Withdraw Guilty Plea at 5-6.

      Magistrate Judge Kurren found, and we urge this Court to find likewise, that there is no difference in challenging Mr. Domingo's competence and integrity in a written filing than in open court questioning.  In either case, Mr. Kimoto's loyalty is to his client and not to any potential harm that might be caused in his relationship with Mr. Domingo.

      Finally, Magistrate Judge Kurren noted that Mr. Domingo is a criminal defense attorney who has appeared many times before this Court in many cases.  Magistrate Judge Kurren believes that Mr. Domingo understands that Mr. Kimoto's only duty of loyalty is to the defendant and that he (Mr. Domingo) will not take personally against Mr. Kimoto any questioning regarding his

5

competence and integrity in his prior representation of the defendant in this case.

For all of these reasons, the defendant's appeal of Magistrate Judge Kurren's denial of his motion to allow Mr. Kimoto to withdraw should be denied.  Mr. Kimoto should be expected to zealously represent the defendant in this case without fear of any damage it might have to his personal relationship with Mr. Domingo.

DATED:  January 8, 2007, at Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By _/s/ Marshall H. Silverberg_
>   MARSHALL H. SILVERBERG
>   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

       I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF

CLAYTON K. KIMOTO, ESQ.                   ckimoto@hawaii.rr.com
Attorney for Defendant SAMUEL KAAUWAI

      DATED: January 8, 2006, at Honolulu, Hawaii.

                                            /s/ Valerie Domingo