EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON # 4532
Major Crimes Section Chief

MARSHALL SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
E-Mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00248 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO THE DEFENDANT'S |
| vs. | ) | MOTION TO WITHDRAW HIS GUILTY |
| | ) | PLEA; TABLE OF CONTENTS AND |
| SAMUEL M. KAAUWAI, III | ) | TABLE OF AUTHORITIES; |
| | ) | CERTIFICATE OF SERVICE; |
| Defendant. | ) | DECLARATION OF MARSHALL |
| | ) | SILVERBERG; EXHIBITS 1-12 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE
DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

**CERTIFICATE OF SERVICE**

**DECLARATION OF MARSHALL SILVERBERG**

**EXHIBITS 1-12**

TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| I. | Procedural Background | 2 |
| II. | Argument | 9 |
| | A. The defendant has not proven a "fair and just reason" to be allowed to withdraw his guilty plea | 9 |
| | B. The defendant is contractually barred from seeking to withdraw his guilty plea. | 15 |
| III. | Conclusion | 17 |

TABLE OF AUTHORITIES

CASES                                                              PAGE(s)

*United States v. Burbage*, 365 F.3d 1174
    (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Davis*, 428 F.3d 802
    (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . 9-11

*United States v. Jones*, Slip. Op. No. 06-30024
    (9th Cir. Jan. 10, 2007) . . . . . . . . . . . . . . . 14, 15

*United States v. Ortega-Ascanio*, 376 F.3d 879
    (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . 10, 11

*United States v. Transfiguracion*, 442 F.3d 1222
    (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 16

STATUTES AND RULES

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 922(g)(3) . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 922(k) . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(a)(2) . . . . . . . . . . . . . . . . . . . . . 2

Rule 11(d)(2)(B), Fed. R. Crim. P. . . . . . . . . . . . . 10, 17

On November 17, 2006, the defendant filed a motion to withdraw his guilty plea which was made on **October 17, <u>2003.</u>** For the reasons set forth below, the motion should be denied.

### I. **<u>Procedural Background</u>**

On May 15, 2003, the defendant was charged in a three-count indictment as follows: Count 1 charged the defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count 2 charged the defendant with being a user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and Count 3 charged the defendant with being in possession of a firearm whose serial number had been removed, in violation of 18 U.S.C. §§ 922(k).

On October 17, 2003, more than three years ago, the defendant pleaded guilty in this Court to Count 1 of the Indictment. His guilty plea was pursuant to a Memorandum of Plea Agreement which is attached hereto as Exhibit 1. In exchange for the defendant's guilty plea to Count 1, the government agreed to move to dismiss counts 2 and 3 at the time of the defendant's sentencing. See Plea Agreement ¶ 4.

The Plea Agreement stated that the maximum possible term of imprisonment for the offense to which the defendant was pleading guilty was 10 years. See Plea Agreement ¶ 7. The Agreement also contained a statement of facts establishing the defendant's factual guilt for the offense charged. See Plea Agreement ¶ 8.

Most importantly with respect to the defendant's instant motion, the Plea Agreement provided:

> The Defendant further agrees to be bound by this Memorandum of Plea Agreement and <u>not</u> to seek a withdrawal of the guilty plea that he intends to enter or to withdraw from this Memorandum of Plea Agreement.

Plea Agreement ¶ 20.

At the change of plea colloquy on October 17, 2003, the defendant had the following colloquy with the Court where he specifically admitted that he was guilty of being a felon in possession of a firearm:

> THE COURT: Now, tell me what it is that you did that constitutes the crime charged against you in this case?
>
> THE DEFENDANT: The charge that I'm -- I'm against right now?
>
> THE COURT: That you're pleading guilty to, yes.
>
> THE DEFENDANT: I was carrying a firearm.
>
> THE COURT: Uh-huh.
>
> THE DEFENDANT: Oh, on -- on March 14th, that the firearm that was in the --
>
> THE COURT: The backpack?
>
> THE DEFENDANT: -- the backpack --
>
> THE COURT: All right.
>
> THE DEFENDANT: -- that I'm pleading guilty to.
>
> THE COURT: All right. And the ammunition as well?
>
> THE DEFENDANT: And the ammunition.
>
> THE COURT: All right. And did these events occur within the State of Hawaii?
>
> THE DEFENDANT: Yes, your Honor.

> THE COURT: All right. And you knew that you weren't supposed to be carrying any firearms, because you were a convicted felon; is that correct?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And it also has statements in the summary of facts about -- about statements that you made to officers; is that true, with regard to the backpack and the possession of the firearm?
>
> THE DEFENDANT: I denied it was my backpack.
>
> THE COURT: Right. But then later on you did admit that --
>
> THE DEFENDANT: To the State side -- the detective.
>
> THE COURT: -- right.
>
> THE DEFENDANT: About the possession of the firearm; is that correct?
>
> THE COURT: Yes, your Honor.

Exh. 2 at 18-20.

The defendant also stated that he was satisfied with his attorney, Assistant Federal Public Defender William Domingo:

> THE COURT: Have you received a copy of the indictment that is the written charges pending against you in this case?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Have you read through the charges and fully discussed those charges and all the facts surrounding those charges with Mr. Domingo your attorney?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Are you fully satisfied with the legal representation that you have received from Mr. Domingo in your case?
>
> THE DEFENDANT: Yes.

Exh. 2 at 5-6.

After the defendant pleaded guilty on October 17, 2003, a Presentence Report was prepared and finalized on November 10, 2004. According to the Presentence Report, the defendant has a very extensive criminal record that has resulted in him obtaining a great deal of familiarity with the criminal justice system. That includes a 1984 conviction for Burglary in the First Degree (PSR ¶ 36); a 1991 conviction for the Unauthorized Control of a Propelled Vehicle (UCPV) (PSR ¶ 37); a second UCPV conviction in 1995; 1999 convictions for Criminal Trespass in the First Degree and Theft in the Third Degree (PSR ¶ 39); 2001 convictions for Kidnaping, Terroristic Threatening in the First Degree, and UCPV (PSR ¶ 40); and a 2001 conviction of Assault in the Third Degree (PSR ¶ 41). The defendant has a total of 17 criminal history points and is in Criminal History Category VI (PSR ¶ 46).

At the defendant's request, his sentencing has been continued multiple times. That is, while the defendant pleaded guilty on October 17, 2003, and his sentencing was initially scheduled for July 6, 2004, the defendant has successfully delayed his sentencing for more than two and one-half years.

More specifically, on May 20, 2004, at the defendant's request, the government stipulated and the Court ordered the July 6, 2004, sentencing date to be continued until November 10, 2004 (see Exh. 3). The defendant's proffered reason was that he wanted additional time to complete his GED course. *See id.*

On November 5, 2004, at the defendant's request, the government stipulated and the Court ordered the November 10, 2004, be continued until March 9, 2005 (see Exh. 4). The defendant's proffered reason was that his attorney, William Domingo, had a calendar conflict with a case that was scheduled for trial before Judge Mollway. *See id.*

The defendant next shifted gears to further delay the case. Instead of seeking the government's consent for a continuance, the defendant proceeded to seek the disqualification of his successive attorneys.

First, on August 9, 2005, Mr. Domingo filed a motion to withdraw as the defendant's counsel (see Exh. 5). According to Mr. Domingo's declaration, the defendant was dissatisfied with his representation and he (the defendant) gave notice of his intention to withdraw his guilty plea. On August 12, 2005, Mr. Domingo's motion to withdraw from the case was granted. The Court ordered the Public Defender's Office to be appointed.

Second, the Public Defender's Office filed a motion to withdraw as counsel and that was granted over the government's objection on August 22, 2005. See Exh. 6. CJA panel attorney Glenn Choy was then appointed to represent the defendant.

Mr. Choy subsequently contacted the government's counsel, the undersigned herein. See Silverberg Decl. at ¶ 2. Mr. Choy asked AUSA Silverberg if he would be willing to continue the sentencing date, then pending for May 25, 2006. AUSA Silverberg responded that he would agree to continuance of the

sentencing date *only* if the defendant stated in writing that the purpose for the continuance was *not* to give himself more time to prepare a motion to withdraw his guilty plea *and* that he would not in fact move to withdraw his guilty plea. Silverberg Decl. at 2. Mr. Choy later responded that the defendant had agreed to that requirement and he provided the following to AUSA Silverberg:

> STATEMENT OF SAMUEL K. KAAUWAI, III
>
> I am requesting that the government agree with my request to postpone sentencing under Cr. 03-00248 DAE, scheduled for May 25, 2006. I hereby state that I am not seeking the postponement for purposes connected to the withdrawal of my guilty plea, and that ***I will not seek to withdraw my guilty plea***.
>
> Signed:   Samuel K. Kaauwai, III
>
> Dated:    4-12-06

Exh. 7 (emphasis added).

On April 24, 2006, attorney Glenn Choy filed a motion to continue the defendant's sentencing date (then pending for May 25, 2006). See Exh. 8. According to Mr. Choy's declaration, the basis for the motion was that the defendant was attempting to complete his GED exam and other courses for which he was enrolled at the Federal Detention Center. See id. The motion was never heard because, at the Court's suggestion, the government stipulated to the continuance. That stipulation was based upon the defendant's explicit assurances that he was not seeking the postponement in order to allow him to prepare a motion to

withdraw his guilty plea and, more importantly, that he would not move to withdraw his guilty plea. See Silverberg Decl. at ¶ 3.

Third, on August 31, 2006, attorney Glenn Choy filed a motion to withdraw as counsel. See Exh. 9. According to Mr. Choy's declaration, the basis for the motion was the defendant's belief that he (Mr. Choy) had been ineffective in representing him and the attorney-client relationship had been irretrievably broken. On September 21, 2006, the Court granted that motion over the government's objection. At that time, Magistrate Judge Kurren informed the defendant that it would be the last time he would receive a change of counsel. CJA panel attorney Clayton Kimoto was then appointed to represent the defendant.

On September 28, 2006, Mr. Kimoto, on behalf of the defendant, filed a motion to continue sentencing. According to Mr. Kimoto's declaration, he needed more time to familiarize himself with the case. *See* Exh. 10. On October 5, 2006, the government filed a memorandum in opposition to the motion to continue sentencing. *See* Exh. 11. The government alleged that the defendant had manipulated it and the Court in his effort to delay the sentencing as long as possible. *See id*. By order dated October 6, 2006, this Court granted the defendant's motion without a hearing and rescheduled the sentencing for November 6, 2006.

Despite having succeeded in his motion, on October 23, 2006, Mr. Kimoto filed a motion to reconsider, seeking to continue the sentencing hearing until middle to late January 2007

on the basis that Defendant wished to withdraw his guilty plea. By Order dated October 26, 2006, this Court granted the defendant's motion in part and rescheduled the sentencing date to November 27, 2006.

Fourth, on November 17, 2006, the defendant, through Mr. Kimoto, filed a motion to withdraw his guilty plea (despite his written promise on April 12, 2006, not to file such a motion). Mr. Kimoto also filed a motion to withdraw as counsel. The government filed a memorandum in opposition to Mr. Kimoto's motion to withdraw as counsel. On December 1, 2006, Magistrate Judge Kurren denied Mr. Kimoto's motion. Mr. Kimoto then appealed the motion to this Court which granted the appeal on January 9, 2007. The government has been informed that CJA panel attorney Emmett Lee Loy has been appointed to be the <u>fifth</u> attorney to represent the defendant.

Although Mr. Lee Loy has just come into the case, the government assumes that he does not intend to withdraw the defendant's motion to withdraw his guilty plea. That motion is still pending before this Court. Consequently, the government has addressed its merits herein.

**II.   Argument**

    **A.   The defendant has not proven a "fair and just reason" to be allowed to withdraw his guilty plea.**

"A district court may permit a defendant to withdraw a guilty plea *before* sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'" *United States*

9

*v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea, see Rule 11(d)(2)(B); however, the standard is applied liberally." *Id.*

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)).

In this case, the defendant is *not* arguing that his Rule 11 plea colloquy was somehow inadequate. He also is *not* arguing that he has newly discovered evidence. Finally, he is *not* arguing that there is some other reason for withdrawing the plea that did not exist when he entered it. In other words, none of the three examples set forth in *Ortega-Ascanio* and adopted in *Davis*, 428 F.3d at 805, is the basis for the defendant's motion.

The actual basis for the motion is not clearly set out in Mr. Kimoto's motion or memorandum. Instead, the basis for the motion seems to be se out in a letter dated November 12, 2006, and purportedly signed by the defendant. According to the letter, the defendant wants to withdraw his guilty plea because Mr. Domingo:

10

> was grossly ineffective in investigation; strategy and preparation; he failed to move to suppress evidence; he failed to pursue exculpatory evidence; he failed to provide good advice; he failed to subject prosecutions, (malicious and fictitious) case to a meaningful adversarial testing; he failed to be competent, prompt and diligent, and was at no time prepared within a requisite rang[e] of competence.

Deft. Exh. A.

None of these allegations, however, fall within the three categories identified by the Ninth Circuit in *Ortega-Ascanio* and *Davis*. Moreover, and more important, the defendant does not cite any fact or case which would lead this Court to believe that: (1) the evidence in the case would have been suppressed had a suppression motion been filed; or (2) he would have been acquitted had the case gone to trial.

If the defendant had claimed in a pretrial proceeding that the firearm did not belong to him or that he did not possess it, then he would not have had "standing" to challenge its suppression, given the fact that he had "abandoned it" by disclaiming ownership in the backpack and its contents (including the firearm). As indicated in the police report prepared by HPD Detective Brian Johnson:

> KAAUWAI further denied ownership of the Black Nike brand backpack or any of its contents. He denied knowing what was in the backpack and said that nothing in the backpack would have his fingerprints on it.

Exh. 12 at 2.

An almost identical situation occurred in *United States v. Burbage*, 365 F.3d 1174 (10th Cir. 2004). There, the defendant admitted at the suppression hearing that he had told the DEA

11

Special Agent that the backpack did not belong to him because he knew it contained cocaine. *Id.* at 1177. On appeal, the Tenth Circuit affirmed the district court's finding that the defendant abandoned the backpack when he denied its ownership:

> By affirmatively denying to [DEA Special Agent] Perry that he owned the backpack, Defendant lost any objectively reasonable expectation of privacy in the backpack as a whole. To deny ownership is to announce to the world, "you want it, you can have it, as far as I'm concerned." Having made that announcement, Defendant could not reasonably expect Perry to recognize that he had a privacy interest in the backpack.

Id. at 1178.

Here, the defendant likewise abandoned the backpack when he denied ownership or possession of it. As such, he had no reasonable expectation of privacy in its contents and any motion to suppress that could have been filed by Mr. Domingo was doomed to fail.

As to the remainder of the defendant's complaints against Mr. Domingo, he fails to state specifically what Mr. Domingo should have done and how that would have resulted in him being acquitted of the charges. Indeed, the defendant, under oath, admitted his guilt during the change of plea colloquy with the Magistrate Judge:

> THE COURT: Now, tell me what it is that you did that constitutes the crime charged against you in this case?
>
> THE DEFENDANT: The charge that I'm -- I'm against right now?
>
> THE COURT: That you're pleading guilty to, yes.
>
> THE DEFENDANT: I was carrying a firearm.

```
THE COURT:       Uh-huh.

THE DEFENDANT:   Oh, on -- on March 14th, that the
                 firearm that was in the --

THE COURT:       The backpack?

THE DEFENDANT:   -- the backpack --

THE COURT:       All right.

THE DEFENDANT:   -- that I'm pleading guilty to.

THE COURT:       All right.  And the ammunition as well?

THE DEFENDANT:   And the ammunition.

THE COURT:       All right.  And did these events occur
                 within the State of Hawaii?

THE DEFENDANT:   Yes, your Honor.

THE COURT:       All right.  And you knew that you
                 weren't supposed to be carrying any
                 firearms, because you were a convicted
                 felon; is that correct?

THE DEFENDANT:   Yes, your Honor.

THE COURT:       And it also has statements in the
                 summary of facts about -- about
                 statements that you made to officers; is
                 that true, with regard to the backpack
                 and the possession of the firearm?

THE DEFENDANT:   I denied it was my backpack.

THE COURT:       Right.  But then later on you did admit
                 that --

THE DEFENDANT:   To the State side -- the detective.

THE COURT:       -- right.

THE DEFENDANT:   About the possession of the firearm; is
                 that correct?

THE COURT:       Yes, your Honor.
```

Exh. 2 at 18-20.

The government strongly believes that the defendant has manipulated the proceedings in this case so that he could delay being sentenced as long as possible. His motivation for doing so is implied in his memorandum in support of his motion to withdraw his guilty plea. That is, according to the memorandum, "[a]s a footnote to this case the robbery charge against the defendant was never brought to court and the time limit for prosecution expired on March 14, 2006. (See Hawaii Revised Statutes § 701-108(2)(d))." Def't. Mem. at 4. Thus, if the defendant is successful now, after more than three years have expired, in his effort to have his guilty plea withdrawn in federal court, he does not have to fear being charged for robbery in state court. This explains why the defendant waited until November 17, 2006, before filing his motion to withdraw his guilty plea.

This case is very similar to a Ninth Circuit decision which, coincidentally, was decided earlier today, January 10, 2007. In *United States v. Jones*, Slip. Op. No. 06-30024 (9th Cir. Jan. 10, 2007), the defendant pled guilty to one count of wire fraud. The defendant then had multiple continuances of his sentencing dates and multiple changes of counsel. On January 6, 2006, only six months after the defendant pleaded guilty, the district court denied his motion to withdraw his guilty plea and his request for a continuance of the sentencing date.

On appeal, the Ninth Circuit affirmed. It noted that the "sole reason Jones offered for withdrawal was that the magistrate judge failed to ensure that his plea included the

14

necessary factual basis, thereby rendering the Rule 11 plea colloquy inadequate." The Ninth Circuit rejected that argument. It further noted that even though the standard for allowing withdrawal of a plea is applied liberally, the defendant "is still required to show some 'fair and just' reason for withdrawing his plea." And in that case, Jones "offered nothing more than his own inaccurate interpretation of the law." *Id.*

Likewise, in this case, Kaauwai has offered nothing more than vague allegations that his counsel, William Domingo, should have done something which he did not do. He does not explain what that something was. Nor does he explain why he informed the district court, under oath, that he was satisfied with the legal services of Mr. Domingo at the time of his change of plea hearing but is not now. The government believes, as stated above, that this is nothing more than the latest instance of a long line of manipulations by the defendant to try and evade both the state robbery charge and the federal firearms charges here. Surely that is not a "fair and just" reason to allow him to withdraw his guilty plea and under *Jones* it should be denied.

### B. The defendant is contractually barred from seeking to withdraw his guilty plea.

In the plea agreement, the defendant specifically agreed not to move to withdraw his guilty plea:

> 20. The Defendant further agrees to be bound by this Memorandum of Plea Agreement and <u>not</u> to seek a withdrawal of the guilty plea that he intends to enter or to withdraw from this Memorandum of Plea Agreement.

Exh. 1 at 11, ¶ 20.

Likewise, in his Statement of April 12, 2006, the defendant specifically informed the government that he would not seek to withdraw his guilty plea:

> STATEMENT OF SAMUEL K. KAAUWAI, III
>
> I am requesting that the government agree with my request to postpone sentencing under Cr. 03-00248 DAE, scheduled for May 25, 2006. I hereby state that I am not seeking the postponement for purposes connected to the withdrawal of my guilty plea, and that ***I will not seek to withdraw my guilty plea***.
>
> Signed: Samuel K. Kaauwai, III
>
> Dated: 4-12-06

Exh. 7 (emphasis added).

The Ninth Circuit has made it clear that plea agreements are generally subject to most contractual law principles. *See, e.g., United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006) ("Because a plea agreement is, at bottom, a contract between the government and a criminal defendant, for the most part 'we construe [a] plea agreement using the ordinary rules of contract interpretation.").

In this case, the defendant had a contract (i.e., the plea agreement) with the government. Paragraph 20 of the Plea Agreement gave assurance to the government that it could agree to continuances requested by the defendant in his sentencing date without fear that witnesses might disappear, forget, or otherwise recant their statements. It was because of the existence of Paragraph 20 that the government agreed to the defendant's early requests for continuances and it was because of the defendant's

16

statement dated April 12, 2006, that the government agreed to the stipulation dated May 15, 2006. See Silverberg Decl. at ¶ 4. In other words, the government detrimentally relied upon the defendant's promises as set forth in the plea agreement and in his letter of April 12, 2006. As such, we request specific enforcement of the plea agreement.

### III. Conclusion

The defendant pleaded guilty to Count 1 of the Indictment on October 17, 2003. In the more than three years since then, the defendant has sought and obtained multiple continuances of his sentencing date. Because of the delays, the State of Hawaii is now time-barred from prosecuting him for the robbery which allegedly occurred on March 14, 2003. The *timing* of the defendant's motion suggests that the defendant has manipulated the government and the Court repeatedly.

In any event, the burden is on the defendant to show a "fair and just" reason as to why he should be allowed to withdraw his guilty plea. He has not met that burden. Rather, all he offers are vague and conclusory statements. As such, under Fed. R. Crim. P. 11(d)(2)(B) and the Ninth Circuit's decision in *Jones, supra*, his motion should be denied.

DATED: January 10, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By: /s/ Marshall H. Silverberg
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

       I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF</u>

EMMETT LEE LOY, ESQ.               <u>kahiki45@netscape.com</u>
Attorney for Defendant
  SAMUEL KAAUWAI

       DATED: January 11, 2007, at Honolulu, Hawaii.