EDWARD H. KUBO, JR.  # 2499
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG # 5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email Marshall.Silverberg@USDOJ.Gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 7 2003

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMEICA, | ) | CR. NO. 03-00248 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: 10/17/03 |
| | ) | Time: 10:00 a.m. |
| SAMUEL M. KAAUWAI, III, | ) | Judge: Leslie Kobayashi |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
Defendant, SAMUEL M. KAAUWAI, III, and his attorney, William
Domingo, Assistant Federal Public Defender, have agreed upon the
following:

1.    The Defendant acknowledges that he has been
charged in the Indictment with violating Title 18, United States
Code, Sections 922(g)(1), 922(g)(3), 922(k), and 924.


EXHIBIT 1

2.    The Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.    The Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    The Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with being a convicted felon who knowingly possessed a firearm and five rounds of .380 ammunition that had previously traveled in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  In exchange for the Defendant's plea of guilty to Count 1, the government agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing.

5.    The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    The Defendant enters this plea because he is in fact guilty of being a convicted felon who unlawfully possessed a firearm and ammunition that had previously traveled in interstate commerce.

7.    The Defendant understands that the penalties for the offense to which he is pleading guilty include: up to 10 years imprisonment; a fine of up to $250,000; a term of supervised release of not less than two years and not more than

three years; and a $100 special assessment.  The Defendant agrees

to pay $100 to the District Court's Clerk's Office, to be

credited to said special assessments, before the commencement of

any portion of sentencing.  The Defendant acknowledges that

failure to make such full advance payment in a form and manner

acceptable to the prosecution will allow, though not require, the

prosecution to withdraw from this agreement at its option.

        8.  The Defendant admits the following facts and agrees

that they are not a detailed recitation, but merely an outline of

what happened in relation to the charge to which the Defendant is

pleading guilty:

        a.  On or about the dates set forth below, the

Defendant was convicted of the following felony offenses:

> (i)    11/05/84 -- Burglary in the First Degree, in
>        violation of H.R.S. § 708-0810;
>
> (ii)   03/20/91 -- Unauthorized control of a
>        propelled vehicle, in violation of H.R.S. §
>        708-0836;
>
> (iii)  09/19/01 -- Kidnaping, in violation of
>        H.R.S. § 707-0720;
>
> (iv)   09/19/01 -- Terroristic Threatening 1, in
>        violation of H.R.S. § 707-0716;
>
> (v)    09/19/01 -- Unauthorized control of a
>        propelled vehicle, in violation of H.R.S. §
>        708-0936; and
>
> (vi)   11/19/02 -- Criminal Property Damage 1, in
>        violation of H.R.S. § 708-0820.

3

b.    On or about March 14, 2003, Vincent Yancey allegedly was robbed of his personal property, including $2,000 in cash, by three individuals he later identified as Samuel Kaauwai, III, Tita Blankenfeld, and Wayne Ramel.

c.    Later that same day, Kaauwai and Rayna Batara were observed in the lobby of 2240 Kuhio Ave.  Kaauwai was subsequently arrested by Honolulu Police Officers for Robbery in the Second Degree and for outstanding warrants.  Incident to his arrest, Kaauwai was found in possession of a small quantity of crystal methamphetamine and $1,554 in cash.  Batara was found in possession of a small black backpack and a Nike brand backpack. Batara stated that while the small black backpack belonged to her, the Nike brand backpack belonged to Kaauwai who told her to carry it for him.  While at the scene, Kaauwai denied ownership of the Nike brand backpack and stated that Batara was innocent.

d.    On March 15, 2003, after being advised of his rights, Kaauwai admitted that he had agreed to help Blankenfeld rob Yancey.  However, Kaauwai claimed that he had changed his mind and did not actively assist in committing the robbery. Kaauwai claimed that Ramel actually searched and took Yancey's property and that he (Kaauwai) was standing about two feet behind Ramel.  Kaauwai initially stated that the Nike brand backpack belonged to Ramel but later stated that it belonged to Batara.

4

e.    On March 17, 2003, a State of Hawaii search warrant was executed on the Nike brand backpack.  Found incident to the execution of the state search warrant were Yancey's personal property, narcotics paraphernalia, and a Beretta Model 84 .380 caliber semiautomatic pistol, serial number removed, along with five rounds of CCI .380 caliber ammunition.

f.    Blankenfeld told the investigating officers that she had previously observed Kaauwai in possession of a small black handgun.

g.    According to ATF Special Agent Jordan Lowe, the firearm was manufactured by Beretta in Maryland and the bullets were manufactured by CCI in Connecticut.  The firearm and the bullets had to travel in interstate commerce in order to reach Hawaii.

9.    Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.    Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate

5

to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.    Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

b.    Offense level stipulations:

(i) Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the Defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). The government further agrees that because the Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the Defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2);

(ii)  The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue that the defendant has not accepted responsibility in the event of receipt of new information relating to that issue, and (2) to

6

call and examine witnesses on that issue in the event that either
the probation office finds to the contrary of the prosecution's
intentions or the court requests that evidence be presented on
that issue.

11.   The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

12.   Pursuant to Section 6B1.4 of the Sentencing
Guidelines, the parties identify the following facts that are in
dispute for the purpose of sentencing of the Defendant in
connection with this matter: none.

13.   The Defendant is aware that he has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  The Defendant knowingly waives the right to
appeal, except as indicated in subparagraph "b" below, any
sentence within the maximum provided in the statute of conviction
or the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in
exchange for the concessions made by the prosecution in this plea
agreement.

a.   The Defendant also waives his right to
challenge his sentence or the manner in which it was determined

7

in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that

8

there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.  The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

9

b. If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random. Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges. The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict him unless, after hearing
all the evidence, it was persuaded of his guilt beyond a
reasonable doubt.

c. If the trial is held by a judge without a
jury, the judge would find the facts and determine, after hearing
all the evidence, whether or not he or she was persuaded of the
Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the
prosecution would be required to present its witnesses and other
evidence against the Defendant. The Defendant would be able to
confront those prosecution witnesses and his attorney would be
able to cross-examine them. In turn, the Defendant could present
witnesses and other evidence on his own behalf. If the witnesses
for the Defendant would not appear voluntarily, he could require
their attendance through the subpoena power of the Court.

10

e.   At a trial, the Defendant would have a
privilege against self-incrimination so that he could decline to
testify, and no inference of guilt could be drawn from his
refusal to testify.

17.   The Defendant understands that by pleading guilty,
he is waiving all of the rights set forth in the preceding
paragraph.  The Defendant's attorney has explained those rights
to him, and the consequences of the waiver of those rights.

18.   The Defendant and his attorney acknowledge that no
threats, promises, or representations have been made, nor
agreement reached, other than those set forth in this Agreement,
to induce the Defendant to plead guilty.

19.   Should the Court refuse to accept this Agreement,
it is null and void and neither party shall be bound thereto.
The parties understand that the Court's rejection of any
stipulation between the parties does not constitute a refusal to
accept this Agreement since the Court is expressly not bound by
stipulations between the parties.

20.   The Defendant further agrees to be bound by this
Memorandum of Plea Agreement and not to seek a withdrawal of the
guilty plea that he intends to enter or to withdraw from this
Memorandum of Plea Agreement.

21.   Notwithstanding the previous paragraph, if, after
signing this Memorandum of Plea Agreement, the Defendant

11

nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the Plea Agreement and the Court grants that motion, the Defendant agrees that any statements that he makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against him in any trial brought against the Defendant. The Defendant further agrees that any admission of guilt that he makes by signing this Plea Agreement or that he makes while pleading guilty as set forth in this agreement may be used against him in a subsequent trial if the Defendant later proceeds to trial. The Defendant explicitly waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

22. The Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii,  10/17/03                .

AGREED:


EDWARD H. KUBO, JR.                    SAMUEL M. KAAUWAI, III
United States Attorney                 Defendant
District of Hawaii


RONALD G. JOHNSON                      WILLIAM DOMINGO, Esq.
Assistant U.S. Attorney                Assistant Federal Public Defender
                                       Attorney for Defendant
                                       Samuel M. Kaauwai, III


MARSHALL H. SILVERBERG
Assistant U.S. Attorney