SAMUEL M. KAAUWAI, III
Reg.# 89783-022
FDC Honolulu
P.O. Box 30080
Honolulu, Hawaii 96820

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2007

at 2 o'clock 50 min. P M
SUE _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00248-DAE |
| Plaintiff, | ) | |
| vs. | ) | MOTION FOR SUBSTITUTION OF COUNSEL; CERTIFICATE OF SERVICE |
| SAMUEL M. KAAUWAI, III, | ) | |
| Defendant. | ) | |

MOTION FOR SUBSTITUTION OF COUNSEL

COMES NOW the defendant, Samuel M. Kaauwai (Kaauwai), pro se, and hereby moves this honorable Court for an order granting his request for substitution of his counsel, Mr. Emmett E. Lee Loy.

For good cause, Kaauwai would show:

1.  Kaauwai is charged with being a felon in possession of a firearm that had traveled or affected interstate commerce. 18 U.S.C. § 922(g).

2.  This case arises from an investigation conducted by the Honolulu Police Department into an alleged robbery of money and personal items from a victim by a female and two male accomplices.

3.  The majority of the 300-plus page discovery provided by the Government in this case consists of statements taken from the victim, witnesses, and the alleged perpetrators; as well as partial forensic and video evidence. All of which were obtained by the state police.

4.  At the time Kaauwai was charged in this case, his level of reading

and comprehension prevented his ability to read and thoroughly understand the charges against him, and the contents of the statements and reports contained in the 300-page discovery.

5. On October 17, 2003, based on insistence and coercion of counsel, Kaauwai, who was represented by Public Defender Mr. William M. Domingo, plead guilty to: (1) being a felon, and (2) possessing a firearm.

6. Following his guilty plea, Kaauwai, with the assistance of others, and through the course of obtaining his General Education Diploma (G.E.D.), became aware that Mr. Domingo had not fully explained the law, circumstances, and evidence pertaining to his case. And did in fact falsely represent there to be a latent fingerprint removed from an item found with the gun; that the evidence implicated his guilt. Of more import, Mr. Domingo did not explain the third required element under 922(g) - affecting interstate commerce.

7. Kaauwai, who has not been sentenced yet, requested Mr. Domingo to remove himself and motion for a substitution of counsel so that he could then file a motion to withdraw his guilty plea, pursuant to Fed.R.Crim.P., Rule 11.

8. On or about September of 2005, Mr. Domingo was replaced by Attorney Alex Silvert, who, was eventually replaced by Attorney Glenn Choy due to a conflict of interest, and on or about September 2006, Mr. Choy was replaced by Attorney Clayton Kimoto, due to ineffectiveness.

9. On November 17, 2006, Mr. Kimoto filed a motion on behalf of Kaauwai to withdraw his guilty plea, and simultaneously filed a motion to withdraw as counsel due to the close relationship between counsel and Mr. Domingo, which was granted on December 26, 2006.

10. Mr. Lee Loy was subsequently appointed and on January 10, 2007, informed Kaauwai that he was associated with a potential Government witness and advised that he could not effectively represent his interest. Based on this foundation, Mr. Lee Loy filed a motion to withdraw as counsel, and on

January 26, 2007, the Court denied the motion.

11. On January 23, 2007, Kaauwai wrote and requested from Mr. Lee Loy, a copy of the motion to withdraw, and on February 6, and 9, 2007, requested a copy of the transcripts from Kaauwai's change of plea hearing. As of this date, Mr. Lee Loy has failed to provide either.

12. On February 9, 2007, during a brief and stormy meeting between Mr. Lee Loy and Kaauwai at the detention center, Mr. Lee Loy walked off amid sentence uttering insults and accusations at Kaauwai.

13. On February 15, 2007, Kaauwai sent Mr. Lee Loy a letter requesting that he file a motion to withdraw as his counsel based on the complete breakdown of communication during their February 9, 2007 meeting. (Please see Exhibit "A").

14. On February 20, 2007, Mr. Lee Loy responded to Kaauwai's letter and accused Kaauwai of lying, having an anger management problem, and purposely prolonging his sentencing. (Please see Exhibit "B").

15. On March 1, 2007, Kaauwai replied to Mr. Lee Loy's February 20th letter and explained the reason for requesting the transcripts and then pointed out the continuing breakdown in communication, and informed that based on Mr. Lee Loy's false representation that Kaauwai requested him to file a motion to withdraw his motion to withdraw his guilty plea, he would be filing this instant motion for substitution of counsel. (Please see Exhibit "C").

16. Kaauwai intends on filing a complaint with the bar association with respect to Mr. Lee Loy's verbal insults, display of uncontrolled anger, and his tendency to lie. All of which have thus far caused him prejudice.

17. This motion is not intended to suspend or prolong any future court proceedings, as there is absolutely no foreseeable benefit in this. Inmates at FDC Honolulu do not enjoy outdoor access, nor are they provided with the same amenities, programs, and recreation as other federal prisons.

18. This motion is based on the Fifth and Sixth Amendments of the Constitution which ensures a criminal defendant the right to be informed of the nature of the charges against him, and the right to assistance of counsel for his defense. Because the relationship between Kaauwai and Mr. Lee Loy has become a fury of name-calling and disputes, Kaauwai will likely suffer prejudice at the hands of an attorney who has thus far demonstrated a degree of dislike for him and contempt for his constitutional rights.

19. WHEREFORE, Kaauwai prays this Honorable Court GRANT this motion and ORDER the substitution of counsel.

DATED: March 11, 2007, at Honolulu, Hawaii.

Respectfully submitted,

*[signature]*

SAMUEL M. KAAUWAI, III
Defendant, pro se

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the attached MOTION FOR SUBSTITUTION OF COUNSEL, was duly served upon the parties listed below, by depositing the same in the Institutional Legal Mailbox at the Federal Detention Center at Honolulu, Hawaii, first-class, with sufficient postage attached and addressed to:

>Marshall Silverberg
>Assistant U.S. Attorney
>PJKK Federal Building, Room 6-100
>300 Ala Moana Boulevard
>Honolulu, Hawaii 96850
>
>Attorney for Plaintiff, United States of America
>
>
>Emmett E. Lee Loy
>758 Kapahulu Avenue, #429
>Honolulu, Hawaii 96816
>
>Attorney for Defendant, Samuel M. Kaauwai, III

DATED: March 11, 2007, at Honolulu, Hawaii

By: /s/ Samuel M. Kaauwai III
Samuel M. Kaauwai, III
Defendant, pro se