Samuel M. Kaauwai, III
Reg.#89783-022
P.O. Box 30080
Honolulu, Hawaii 96820

March 1, 2007

Emmett E. Lee Loy
Attorney at Law
758 Kapahulu Avenue, #429
Honolulu, Hawaii 96816

Re: <u>United States v. Kaauwai</u>, Cr. No. 03-00248 DAE

Dear Mr. Lee Loy:

    I received you correspondence of February 20, 2007. Thank you. In answering your request that I "reduce into writing precisely why the audio-tape and transcript of [my] change of plea colloquy will support [my] possition?", I will explain again as I had over the phone with you on a number of occasions.

    Pursuant to Fed.R.Crim.P., Rule 11(b)(1), the court must address the defendant and inform him of ... the elements of the offense. See Thompson, <u>The Judge's Responsibility on a Plea of Guilty</u>, 62 W.Va.L.Rev. 213, 220, (1960); <u>Resolution of Judges of U.S. District Court for D.C.</u>, June 24, 1959.

    There are three elements necessary to secure a conviction for being a felon in possession of a firearm. There must be proof beyond a reasonable doubt that: 1) the defendant had a previous felony conviction; 2) the defendant was in possession of a firearm; and 3) the firearm had traveled in or affected interstate commerce. <u>United States v. Smith</u>, 320 F.3d 647 (6th Cir. 2003); <u>United States v. Quintanilla</u>, 218 F.3d 674 (7th Cir. 2000).

    During my plea colloquy, the District Court Judge did not explain the third element to me and I therefore did not knowingly and intelligently understand the nature of my charges, and consequently, I did not make a knowingly and intelligent plea of guilty. And that is aside from the fact that I was intimidated by my former counsel, Mr. Domingo, to say under oath that I possessed the gun. And while on that note, I would like to reiterate that my plea of guilty was based solely on the repeated coercive wording that Mr. Domingo used to persuade me to say what I said in court. I put my trust in him and he lead me astray by not explaining the elements to me for which I plead, and that constitutes ineffective assistance of counsel.

    So you see Mr. Lee Loy, the transcripts for my change of plea hearing will enable me to support my position by relying on the proceedings that occurred during this particular hearing. The transcripts are the proof I seek because I do not want to make any claims without supportive facts. And pertaining to the audio-tapes, I simply requested these because of the fact that in some instances transcripts are not accurate depictions of what was actually said. However, I will suspend that particular request until I review the transcripts you said that you have ordered.

    That being said Mr. Lee Loy, I now must address the other issues raised in your February 20, 2007 letter. You state that my "then girlfriend and others have corroborated that the gun was [mine] too." This statement is confusing because I was not aware you had interviewed her and other people. If not, then

Emmett E. Lee Loy
Attorney of Law
758 Kapahulu Avenue, #429
Honolulu, Hawaii 96816

Page 2

your statement is pure speculation, and further support of my claim that your performance in representing my best interests is below the standard of that in which you claim to be doing.  My interests, Mr. Lee Loy, is that I be afforded what every other individual is entitled to under the Fifth and Sixth Amendment to our constitution of the United States of America.  And in the event you are unaware of the Due Process Clause, I mean to inform you that I have the right to be informed of the nature of the charges against me, and the right to effective Assistance of Counsel for his defense.  <u>Constitution, Amendment 5 & 6</u>.

   Throughout this whole ordeal, I have not understood the elements of the charges brought against me, and there has not been one occasion where you, or any of my other "lawyers" have explained how I traveled or affected interstate commerce.  All that I receive is statements, such as yours, telling me that other people have corroborated the charge of possessing a firearm.  It is overwhelmingly apparent that you are the least-bit interested in representing me.  And the evidence of that is in your performance.

   In addressing the issue of your insults directed at me, you claim I am "living in fantasy land".  I don't see how you can make such a stupid reference to such a serious issue.  On one hand you adamantly deny insulting me, then on the other you state that I "have an anger management problem."  It seems you have been taking out your frustrations on me, and that is pathetic of you.  Instead of performing your duties as a "Attorney at Law", you spend your time writing me letters full of hate and disrespect.  It seems you are the one who has an anger management problem Mr. Lee Loy.

   Moreover, in your letter you continually accuse me of lying.  To that extent Mr. Lee Loy, it is you sir who is lying because I have never told you "at the outset of this representation that [I] wanted [my] Motion to Withdraw Guilty Plea, withdrawn."  That is starkly in contrast to my request for the transcripts and audio-tapes of my change of plea hearing.  Why in the world would I continue to request for this material if I intended to withdraw my motion?  This is another one of your stunts Mr. Lee Loy to avoid fulfilling your duties to me and representing my decision to withdraw my guilty plea.

   Therefore, Mr. Lee Loy, I hereby inform you that I will file a motion on my own behalf to have you replaced as my counsel due to our complete breakdown in communication, and I will be including copies of the correspondence between us to demonstrate your name-calling behavior and lies.

                                        Yours truly.

                                        *[signature]*
                                        Samuel M. Kaauwai, III