

PAMELA E. TAMASHIRO   #3492
Ocean View Center
707 Richards Street, Penthouse 7
Honolulu, Hawaii 96813
Telephone: (808) 528-3332
Facsimile: (808) 536-0458

Attorney for Defendant
SAMUEL KAAUWAI, III
(04/30/2007)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 01 2007

at 9 o'clock and 35 min A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00248 DAE |
| Plaintiff, | ) ) ) | DEFENDANT'S SUPPLEMENTAL REPLY BRIEF RE: MOTION TO WITHDRAW GUILTY PLEA ; EXHIBITS A - H; CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| SAMUEL KAAUWAI, III, | ) ) | |
| Defendant. | ) ) ) ) ) | Hearing: May 2, 2007<br>Time: 10:30 a.m.<br>Judge: David A. Ezra |

## DEFENDANT'S SUPPLEMENTAL REPLY BRIEF
## RE: MOTION TO WITHDRAW GUILTY PLEA

### I. Defendant Did Not Waive His Right to Withdraw His Guilty Plea

The government contends that Defendant waived his right to withdraw his guilty plea, citing paragraph 20 of the Memorandum of Plea Agreement ("Plea Agreement.") Defendant asserts that counsel should not have agreed to paragraphs

paragraphs 20 and 21 of the Plea Agreement. At the hearing on this motion, Defendant will request that this Court take judicial notice of the fact that it is not the practice and/or policy of the United States Attorney's Office for the District of Hawaii that plea agreements contain the language in paragraphs 20 and 21. Defendant believes that counsel's failure to require the deletion of paragraphs 20 and 21 in the Plea Agreement constitutes one reason in support of his claim of ineffective assistance of counsel. The Court should not enforce paragraph 20, i.e., that Defendant cannot seek a withdrawal of his guilty plea, because counsel was ineffective in allowing paragraphs 20 and 21 to remain in the Plea Agreement.

The requirement that a plea agreement and waiver be entered into knowingly and voluntarily applies to each term of an agreement. U.S. v. Andis, 333 F.3d 886, 890 (8th Cir. 2003).

> For example, a defendant may knowingly and voluntarily enter into a plea agreement waiving the right to a jury trial, but nonetheless fail to have knowingly and voluntarily waived other rights – including appellate rights. There are many ways in which an agreement, or aspects of an agreement, could be entered into without the requisite knowledge or voluntariness. Examples include an agreement entered into upon the ineffective assistance of counsel, *DeRoo*, 222 F.3d at 924, or undue coercion.

Anders, 333 F.3d at 890.

At the October 17, 2003 hearing on Defendant's change of plea, the AUSA was asked to state the essential terms of the plea agreement. A true and correct copy of the October 17, 2003, Change of Plea Proceedings, is attached hereto as **Exhibit G**. The AUSA stated, among other things, Defendant's purported waiver of his right to withdraw his guilty plea in paragraph 20 of the Plea Agreement. *See* Exhibit G at 8. Significantly, however, the Court did not query Defendant about his understanding of his right to withdraw his guilty plea and his waiver thereof. This omission by the Court in accepting Defendant's guilty plea supports Defendant's assertion above that inclusion of paragraph 20 [and paragraph 21] of the Plea Agreement is not the policy and/or practice in this jurisdiction. Even the Court overlooked this specific waiver and did not question Defendant about it. In the absence of evidence that Defendant understood the waiver of his right to withdraw his plea, and knowingly and voluntarily waived his right to withdraw his plea, paragraph 20 of the Plea Agreement should not be enforced against him to preclude the withdrawal of his plea.

Nor should Defendant's April 12, 2006 letter be construed as a waiver of his right to withdraw his guilty plea. Defendant has always maintained his innocence of the charges from the time of his March 15, 2003 post-arrest statement to Detective Brian Johnson of the Honolulu Police Department "HPD"). *See* CID

Closing Report dated June 25, 2003, at Bate stamped page 140-41, attached hereto as **Exhibit A**. Defendant changed his plea on October 17, 2003. Sometime after his change of plea but before August 9, 2005, Defendant told his first attorney, William M. Domingo, Esq. ("Mr. Domingo"), that he wanted to withdraw his guilty plea. *See* August 9, 2005 Declaration of William M. Domingo, Esq., in support of Motion to Withdraw as Counsel, attached hereto as **Exhibit B**. Ever since that time, Defendant has informed each of his attorneys that he wanted to withdraw his plea because he believed he was innocent of the charges.

In particular, at the time Defendant wrote the April 12, 2006 letter, he was represented by his third attorney, Glenn Choy, Esq. ("Mr. Choy"). Mr. Choy knew that Defendant believed "he was innocent of the charged offense" and that "[Mr. Choy] and Defendant thus differ as to the basis to go forward and proceed to sentencing." *See* August 31, 2006 Declaration of Glenn D. Choy in support of Motion For Withdrawal and Substitution of Counsel, attached hereto as **Exhibit C**. Based upon Mr. Choy's declaration, it is reasonable to conclude that one of the "intractable" disagreements between Defendant and Mr. Choy was Defendant's belief that he was innocent of the charges and that Defendant still desired to withdraw his guilty plea and not proceed to sentencing. Rather than file a motion to withdraw Defendant's guilty plea, Mr. Choy negotiated a continuance of

sentencing with the AUSA which included Defendant's statement that he was not "seeking the postponement [of sentencing] for purposes connected to the withdrawal of [his] guilty plea, and that [he] will not seek to withdraw [his] guilty plea." Defendant believes that the purported relinquishment of his right to withdraw his guilty plea in exchange for a continuance of sentencing should not be enforced in light of Defendant's proclamation of innocence and his consistent communications to all of his counsel that he desired to withdraw his plea. Accordingly, Defendant's April 12, 2006 letter should not be deemed a waiver of his right to withdraw his guilty plea.

II. **Defendant Should Be Allowed to Withdraw His Guilty Plea Based Upon the Fact That His Plea Was Coerced; That He Has Consistently Maintained and Proclaimed His Innocence; That His Prior Counsels May Have Provided Ineffective Assistance of Counsel; and Based Upon Newly Discovered Evidence**

   A. Defendant's Plea Was Coerced in Violation of Rule 11 (b) (2), Federal Rules of Criminal Procedure

Defendant's plea was not voluntary but was the result of force and coercion by his first attorney. In his November 12, 2006 letter, Defendant stated as follows:

> My previous counsel's only advice and instruction to me was that there are "Four" witnesses against me, I'm a convicted felon and if I don't plead guilty the prosecutor is going to give me "15 to life". [sic] Not once did he want to hear my version, let alone advocate my theory of my case. The only thing he did was intimidate and coerce me. His only focus was to get me to plead guilty, no matter what. He

scared me to death which is exactly why I plead [sic] out.

*See* Defendant's November 12, 2006 letter attached hereto as **Exhibit D**. Based upon Defendant's letter, Defendant believes that his plea was not voluntarily entered but was the result of coercion by his first attorney. Defendant should be allowed to withdraw his plea because it was entered in violation of Rule 11 (b) (2), Federal Rules of Criminal Procedure, which requires that a defendant's plea be voluntary and not the result of force, threats, or promises.

>   B.  Even If Defendant's Plea Was Voluntary, That Fact Cannot Be Counted Against Defendant Where Defendant Asserts Other "Fair and Just Reasons" for Withdrawing His Guilty Plea.

A defendant's motion to withdraw his guilty plea prior to sentencing under the "fair and just reason" standard under Rule 11 (d) (2) (B), Federal Rules of Criminal Procedure, is "applied liberally" and is "simply more generous" than the standard for determining whether a plea is invalid. United States v. Garcia, 401 F.3d 1008, 1011, 1012 (9th Cir. 2005), *citing* United States v. Ortega-Ascanio, 376, F.3d 879, 883 (9th Cir. 2004). Accordingly, the fact that a plea was voluntary, knowing, and intelligent cannot count against a defendant's attempt to withdraw it prior to sentencing, unless the defendant's only asserted "fair and just reason" for withdrawing the plea is lack of voluntariness itself. Ortega-Ascanio, 401 F.3d at 1012.

In addition to challenging the voluntariness of his plea in support of his motion to withdraw his guilty plea, Defendant also asserts that he has consistently maintained and proclaimed his innocence to the charges and that he may have been provided ineffective assistance of counsel.  Even if Defendant's plea is found to have been voluntary, knowing and intelligent, that fact cannot be counted against him because he also asserts other "fair and just" reasons to support his request to withdraw his guilty plea.

> C. Defendant's Claim of Legal and Factual Innocence Constitutes a "Fair and Just Reason" for Withdrawal of His Plea

A defendant's claim of innocence can clearly be considered in support of his motion to withdraw a plea. Garcia, 401 F.3d at 1012. "[W]e have recognized a claim of legal innocence as a "fair and just" reason for withdrawal of a plea. Garcia, 401 F.3d at 1012, citing Ortega-Ascanio, 376 F.3d at 883, 887.

Defendant has always maintained his innocence beginning with his March 14, 2003 post-arrest statement to Detective Brian Johnson.  Defendant told Detective Johnson that the black Nike backpack did not belong to him nor did any of the contents of the backpack belong to him.  Defendant told all of his previous attorneys that he was innocent of the charges and that he wanted to withdraw his plea.  Under Garcia, Defendant's consistent proclamation to the police and to each

and every one of his attorneys that he is innocent of the charges constitutes a "fair and just" reason to withdraw his guilty plea.

Defendant's proffered defense to the charges is that the backpack and its contents did not belong to him. For purposes of the motion to withdraw guilty plea, the strength of Defendant's defense is **not** a factor to be decided by the Court. "Where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he has a defense to the charge, the District Court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant." Garcia, 401 F.3d at 1011, *quoting* United States v. Morgan, 567 F.2d 479, 493 (D.C.Cir. 1977).

Defendant should be allowed to withdraw his guilty plea because his consistent proclamations of innocence constitutes a "fair and just" reason under Rule 11 (d) (2) (B), Federal Rules of Criminal Procedure. The merits of Defendant's defense should not be considered in determining whether he should be allowed to withdraw his plea.

    D.    Counsel's Agreement to Paragraphs 20 and 21 of the Plea Agreement Constituted Ineffective Assistance of Counsel

As discussed in Part I, above, Defendant believes that his first attorney provided him with ineffective assistance of counsel by agreeing to the inclusion of

paragraphs 20 and 21 in the Plea Agreement. It is not the practice and/or policy of the United States Attorney's Office in this jurisdiction to require the inclusion of a defendant's agreement that he will not withdraw his plea (paragraph 20) or that if he does withdraw his plea, that his statements to law enforcement agents, his statements to the U.S. Attorney's Office for the District of Hawaii, his statements in the plea agreement, and his statements at the change of plea can be used against him in a subsequent trial (paragraph 21). Defendant believes that counsel's failure to require the deletion of paragraphs 20 and 21 in the Plea Agreement constitutes ineffective assistance of counsel.

    E.    Counsels' Failure and Delay In Filing the Motion to Withdraw Guilty Plea Should Not Be Counted Against Defendant and May Constitute Ineffective Assistance of Counsel

The delay between Defendant's guilty plea on October 17, 2003 and the filing of the instant Motion to Withdraw Guilty Plea on November 17, 2006, a period of over three (3) years, should not be counted against Defendant.

Delay in filing a motion to withdraw a guilty plea, standing alone, does not militate against permitting withdrawal of a plea. Garcia, 401 F.3d at 1013. "Delay itself does not make an otherwise valid reason for withdrawal any less 'fair' or 'just.' A defendant's delay may be attributable to factors – such as continuances

9

of sentencing, *see Ortega-Ascanio*, 376 F.3d at 886, or even practical matters such as the amount of time it takes a busy attorney competently to research and prepare a motion to withdraw a plea – that are entirely unrelated to the legitimacy or the sincerity of the defendant's reasons for wishing to withdraw his plea." Garcia, id.

As discussed in Part I, above, Defendant has always maintained his innocence of the charges. In his March 13, 2003 post-arrest statement to HPD Detective Brian Johnson, Defendant denied that the gun found in the Nike backpack was his. Defendant told his first three attorneys that he wanted to withdraw his plea because he was innocent of the charges. From the declarations of each of his first three attorneys in support of their motions to withdraw as counsel, each attorney acknowledged and knew that Defendant wanted to withdraw his plea. Mr. Domingo stated in his August 9, 2005 declaration that, "Defendant was unsatisfied with declarant's representation and gave notice of his intention to withdraw his guilty plea and go to trial." **See Exhibit B.** Alexander Silver, Esq. ("Mr. Silver") acknowledged that Defendant wanted to move to withdraw his guilty plea prior to sentencing. Mr. Silver stated in his August 17, 2005 declaration that "the defendant may raise the ineffectiveness of the Federal Public Defender's Office in possible future litigation in this case prior to sentencing." *See* August 17, 2005 declaration of Alexander Silver, Esq., a true

and correct copy of which is attached hereto as **Exhibit E.** Defendant's third attorney, Mr. Choy was appointed as substitute counsel on or about August 22, 2005. More than a year later, on August 31, 2006, Mr. Choy filed a Motion For Withdrawal and Substitution of Counsel. It was not until November 17, 2006 that Mr. Choy filed the instant motion.

Defendant believes that the delay between the entry of his guilty plea on October 17, 2003 and the filing of the instant Motion to Withdraw Guilty Plea on November 17, 2006, a period of over three years, should not be counted against him in determining whether he should be allowed to withdraw his guilty plea. Defendant has consistently maintained his innocence since he was arrested. Defendant proclaimed his innocence to each of his attorneys. Defendant expressed his desire to withdraw his guilty plea to his first attorney and to every other attorney appointed to represent him. Defendant's sentencing was continued on several occasions. The delay between Defendant's guilty plea and the filing of the instant Motion to Withdraw Guilty Plea should not be counted against Defendant.

The government's claim that Defendant delayed the filing of his motion to withdraw his plea so as to "manipulate the proceedings in this case," i.e., to avoid prosecution on a robbery charge, is completely without merit. The decision to

bring a robbery charge was not within Defendant's control. The decision to bring a robbery charge was a decision solely within the discretion of the State prosecutors. The State of Hawaii, having made the decision not to bring a robbery charge against Defendant, the government should not be heard to argue that the delay is attributable to a bad motive on Defendant's part.

    G.    Counsels' Failure to File a Motion to Suppress Out-of-Court Identification Constituted Ineffective Assistance of Counsel

Defendant asserts that counsel was ineffective in failing to file a motion to suppress. *See* **Exhibit D**. Defendant believes that the facts and circumstances surrounding the out-of-court, photographic lineup by the complaining witness, Vincent Yancey ("Yancey") present a viable motion to suppress. In the early morning hours of March 14, 2003 when the robbery allegedly occurred at 2240 Kuhio Avenue, Yancey, who was clearly intoxicated at the time, told police that he did not "know what these guys looked like." *See* March 15, 2003 Follow Up Report by Officer R. Fikani, attached hereto as **Exhibit F.** Officer Fikani asked Yancey three times for a description of the suspects. Yancey was unable to provide a description of the suspects and became belligerent saying, "Look what I need from you is to drive me around to find the guys who robbed me? You no good for nothing mother fuckers, won't help me find the guys." *See* **Exhibit F.**

The next day Yancey went back to 2240 Kuhio Avenue and was shown a photographic lineup in which he identified Defendant as the person who robbed him. In fact, it was another individual, Wayne Ramel, who robbed Yancey and removed items from Yancey's person, not Defendant, although Defendant was present at the time.

Based upon these facts, it appears that a viable motion to suppress identification should have been filed, but was not. This failure to file the appropriate suppression motion may have constituted ineffective assistance of counsel entitling Defendant to withdraw his guilty plea.

    H.    **The Recent Receipt of Defendant's Audiotaped Post-Arrest Statement and the Report Regarding Fingerprint Analysis Constitute Newly Discovered Evidence Which Entitle Defendant to Withdraw His Guilty Plea**

In reviewing the files in this case, it does not appear that prior counsels for Defendant were provided with a copy of Defendant's audiotaped statement at the time of his arrest. Nor does it appear that the result of fingerprint analysis were provided to prior counsels. The positive identification of Defendant's right index fingerprint on a notebook found in the Nike backpack was not submitted for analysis by a defense expert. These are among the specific complaints raised by Defendant to prior counsel and present counsel. Defendant believes that the recent

receipt of his audiotaped statement, which should have been provided to him early on in the case, and the result of the fingerprint analysis constitute newly discovered evidence entitling him to withdraw his plea. See April 19, 2007 letter from Marshall Silverberg regarding discovery in this matter, a copy of which is attached hereto as Exhibit H.

### III. CONCLUSION

Defendant should be allowed to withdraw his guilty plea for the following reasons: (1) Defendant did not waive his right to withdraw his guilty plea; (2) Defendant's guilty plea was not voluntary; (3) "fair and just" reasons exist for withdrawal of his plea, including Defendant's early and consistent proclamations that he is innocent of the charges, that he may have been provided ineffective assistance of counsel, and on the basis of newly discovered evidence. For all these reasons, it is respectfully requested that Defendant's Motion to Withdraw Guilty Plea be granted and this matter set for trial.

DATED: Honolulu, Hawaii, May 1, 2007.

*Pamela E. Tamashiro*
Pamela E. Tamashiro
Attorney for Defendant
SAMUEL KAAUWAI, III