EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
E-Mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-0248 DAE |
|  | ) |  |
| Plaintiff, | ) | GOVERNMENT'S SUPPLEMENTAL |
|  | ) | SENTENCING STATEMENT; EXHIBITS |
| vs. | ) | 1-4; CERTIFICATE OF SERVICE |
|  | ) |  |
| SAMUEL M. KAAUWAI, III, | ) | Sentencing date: May 30, 2007 |
|  | ) | Time:  9:45 a.m. |
| Defendant. | ) | Judge: Hon. David A. Ezra |
| _____ | ) |  |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT**

As the Court is well aware, on November 17, 2006, the defendant filed a motion to withdraw his guilty plea.  Exhibits A and C attached to the defendant's motion were two letters authored by the defendant and attached hereto as Exhibits 1 and 2.  In each of the two letters, the defendant claimed that he never possessed the firearm for which he was charged.  See Exhs. 1 ("I've been charged with being a 'felon in possession of a firearm' (that I never possessed)") and 2 ("I've been here at F.D.C. . . . [on] a federal charge of being a felon in possession of a firearm, 'that I never possessed'").

The government, per the undersigned, spent a great deal of time and effort preparing a 17-page memorandum in opposition to the defendant's motion to withdraw his guilty plea. Attached to that memorandum was a declaration of counsel and 12 exhibits.

The government also spent a great of time reviewing the record and preparing for the hearing on the defendant's motion to withdraw his guilty plea. The government's counsel appeared at the hearing prepared to question three government witnesses and to cross-examine the defendant if he testified. While the defense accepted the offer of proof regarding ATF Special Agent and Ty Torco and attorney Clayton Kimoto, the defense required attorney William Domingo to testify.

The defendant also testified at the hearing regarding his desire to withdraw his guilty plea. (Attached as Exhibit 3 is the transcript of the hearing on the defendant's motion to withdraw his guilty plea.). During that testimony, the defendant specifically adopted the statements contained in his two letters. Exh. 3 at 29-30. In other words, the defendant, in effect, reiterated his claim that he was innocent of the charge to which he pleaded guilty because he did not possess the firearm at issue.

Later that same day, after a recess in the proceedings, the defendant changed his mind and decided to withdraw his motion to withdraw his guilty plea. He stated that he was "doing this on [his] own free will and taking action of acceptance." Exh. 3 at 38.

PSR Paragraphs 21 and 29:

As set forth in Paragraph 21 of the Presentence Report, on January 30, 2004, the defendant was interviewed at the Federal Detention Center. "During this interview, the defendant admitted committing the essential elements of the offense of conviction." PSR ¶ 21. Understandably, then, the PSR calculated that the defendant was entitled to a two-level reduction for acceptance of responsibility and an additional third-level for pleading guilty in a timely manner. See PSR ¶ 29 and 30.

All of this occurred, of course, *before* the defendant attempted to withdraw his guilty plea by asserting his innocence of the offense to which he had pleaded guilty. Indeed, the defendant has changed his stated position *three times* as to whether he was guilty of possessing that firearm. First, on May 15, 2003, he told the Honolulu Police Department that the backpack and the firearm did *not* belong to him. See PSR ¶ 16. Later, on October 17, 2003, when he pleaded guilty and when he thought he would later get a downward departure for cooperation, the defendant pleaded guilty and admitted he possessed the firearm. See Exh. 4 at 19 ("I was carrying a firearm."). Then, for reasons which still mystify the government, the defendant attempted to withdraw his guilty plea by claiming that he did *not* possess the firearm. See Exhs. 1-3. Finally, after the recess was over, the defendant informed the court that he had changed his mind and accepted responsibility for the charged offense, meaning that he *did* possess the firearm. See Exh. 3 at 38.

3

The issue of whether the defendant should receive a two-level reduction for acceptance of responsibility is governed by U.S.S.G. § 3E1.1 and applicable case law.

U.S.S.G. § 3E1.1 provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation of prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1.

A defendant who pleads guilty is not entitled to a two-level reduction for acceptance of responsibility as a matter of right. *United States v. Fellows*, 157 F.3d 1197, 1202 (9th Cir. 1998) (citing U.S.S.G. § 3E1.1, App. Note 3). "Although pleading guilty and truthfully admitting the elements of the offense and other relevant conduct are 'significant evidence of acceptance of responsibility,' this evidence may be outweighed by conduct 'inconsistent with such acceptance of responsibility.'" *Id.* "One example of such inconsistent conduct which weighs against a finding of acceptance of responsibility is a 'failure to demonstrate contrition and remorse.'" *Id.* (quoting *United States v. Connelly*, 156 F.3d 978, 982 (9th Cir. 1998)).

In this case, in examining the entire record, it should be clear for the following reasons that the defendant has *not* demonstrated contrition and remorse for his criminal conduct.

First, in his two letters attached at exhibits 1 and 2 he denied possessing the firearm in question and argued that he should be allowed to withdraw his guilty plea because he did *not* commit the crime.

Second, not only did he deny his guilt, the defendant blamed his attorney, William Domingo, for intimidating and coercing him into pleading guilty:

> My previous counsel's [i.e., Mr. Domingo's] only advice and instructions to me was that there are "Four" witnesses against me, I'm a convicted felon and if I don't plead guilty the prosecutor is going to give me "15 to life". Not once did he want to hear my version, let alone advocate my theory of my case. **The only thing he did was intimidate and coerce me.** His only focus was to get me to plead guilty, no matter what. He scared me to death which is exactly why I plead out. I'm no longer afraid, now that I realize that I do have certain rights. He was very unethical, unprofessional and ineffective.

Exh. 1 (emphasis added). It is hard to think of a worse allegation which can be lodged against a criminal defense attorney than the one made by the defendant against Mr. Domingo. Obviously, if the Court or the government had concluded that the allegation was meritorious, we would have had to forward it to the Office of Disciplinary Counsel for their review. Ultimately, Mr. Domingo could have lost his license to practice law if the ODC and the Hawaii Supreme Court had agreed with the defendant's

allegations. Thus, such allegations were reviewed very seriously by the Court and the government.

Third, it is clear that where, as here, a defendant pleads guilty pursuant to a plea agreement and then later moves to withdraw his guilty plea, a district court can make a factual finding that the defendant has not "clearly demonstrate[d] acceptance of responsibility" entitling him to a two-level reduction under U.S.S.G. § 3E1.1(a).  *See, e.g., United States v. Newson*, 46 F.3d 730, 733-34 (8th Cir. 1995) (affirming district court's decision that defendant had not accepted responsibility for his criminal conduct where he had move to withdraw his guilty plea); *see also United States v. Smith*, 422 F.3d 715, 727 (8th Cir. 2005) (noting that "in light of his attempts to withdraw his guilty plea, Jordan was fortunate to receive a two-level reduction for acceptance of responsibility") (citing *Newson*).

The Ninth Circuit has very recently stated that "[t]he determination of the district court is 'entitled to great deference on review' because a 'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'"  *United States v. Lucatero-Campos*, 2007 WL 1293178 (9th Cir. 2007) at *1 (quoting *United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006) (citing U.S.S.G. § 3E1.1, cmt. n. 5).

In *Cantrell*, the Ninth Circuit stated:

> Subsection (a) of the first application note for § 3E1.1 provides that it is "appropriate" for the district court to consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, cmt. n. 1(a).

433 F.3d at 1285.

In this case, we respectfully request that the Court make a factual finding that the defendant has not shown contrition and remorse for his crime and that he has not clearly demonstrated acceptance of responsibility for his offense within the meaning of § 3E1.1. Under *Cantrell*, and given the conflicting statements the defendant has made at different times regarding his offense conduct, he surely has not truthfully admitted the conduct comprising the offense of conviction and, consequently, he has not met his burden to prove that he is entitled to the two-level reduction. *See Cantrell*, 433 F.3d at 1285 ("Coversup does not qualify for the adjustment because he has not otherwise met his burden of showing that he accepted responsibility for his crime.").

<u>Paragraph 30</u>:

If the Court, nonetheless, disagrees with the foregoing and rewards the defendant with a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), the United States will <u>not</u> be moving for the third-level for "super acceptance of responsibility" pursuant to § 3E1.1(b) for the following reasons:

First, for the reasons stated above, we do not believe the defendant has accepted responsibility at all.

Second, while the defendant did plead guilty at an early stage thereby permitting the government to avoid preparing for trial *at that time*, the fact of the matter is because of the defendant's motion to withdraw his guilty plea, the government had to make efforts to see if it could prove the defendant's guilt if the Court had granted the defendant's motion and then set the case for trial. This involved meetings with two ATF agents, carefully reviewing the entire case file, contacting the Honolulu Police Department in an effort to determine what evidence was still in their custody, etc.

The purpose behind the third-level reduction is to encourage defendants to plead guilty early so that the government will not have to undertake the very type of preparation that was undertaken here once the defendant filed his motion to withdraw his guilty plea. Therefore, the government will *not* move for a third-level reduction for acceptance of responsibility if the Court awards the two-level reduction pursuant to U.S.S.G. § 3E1.1.

Dated: May 18, 2007, at Honolulu, Hawaii.

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

By: /s/ Marshall Silverberg
     MARSHALL SILVERBERG
     Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served via first class mail:</u>

PAMELA TAMASHIRO, ESQ.
Ocean View Center
707 Richards St PH 7
Honolulu, HI 96813

Attorney for Defendant
SAMUEL KAAUWAI

      DATED:  May 18, 2007, at Honolulu, Hawaii.


                              /s/ Cheri Abing