Samuel M. Kaauwai III
U.S.M. #89783-022
(FDC) Unit 5-a
P.O. Box 30080
Honolulu, HI. 96820

November 12, 2006

MR. Clayton Kimoto
Attorney at Law
733 Bishop St. Suite 2302
Honolulu HI. 96813

    My name is Samuel M. Kaauwai III, I am a native Hawaiian. I've been charged with being a "felon in possession of a firearm" (that I never possessed), I'm asking the court to grant my motion to withdraw my guilty plea based on a claim of ineffective assistance of counsel, which in my opinion is the most obvious and severe case of ineffectiveness in Hawaii history.

    I've written letters to the court and my attorney expressing my wishes to withdraw to no avail. Why is it so hard to afford me my Constitutional right to a jury trial ? I am claiming that my previous counsel was grossly ineffective in investigation; strategy and preparation; he failed to move to suppress evidence; he failed to pursue exculpatory evidence; he failed to provide good advice; he failed to subject prosecutions, (malicious and fictitious) case to a meaningful adversarial testing; he failed to be competent, prompt and diligent, and was at no time prepared within a requisite rang of competence.

    My previous counsel's only advice and instructions to me was that there are "Four" witnesses against me, I'm a convicted felon and if I don't plead guilty the prosecutor is going to give me "15 to life". Not once did he want to hear my version, let alone advocate my theory of my case. The only thing he did was intimidate and coerce me. His only focus was to get me to plead guilty, no matter what. He scared me to death which is exactly why I plead out. I'm no longer afraid, now that I realize that I do have certain rights. He was very unethical, unprofessional and ineffective.

    A defendant has the right to expect counsel (past and present) to use every skill, expand every energy in exercise of independent professional judgement on my behalf and undertaking


EXHIBIT 1

representation, Frazier v. United States, 18 F. 3d 778, 779 (9th Cir. 1994); U.S.C.A. Const. Amend. 6.-; Thomas v. Miunicipal Court, 875 F.2d 285, 289 (9th Cir. 1989).

Counsel owes a defendant , duty of loyalty, unhindered by the State or by counsel's Constitutionally deficient performance.

In closing, i'd like to emphasize that counsels failure to file a motion to suppress evidence provides the basis for a claim of ineffectiveness, but inorder to show prejudice the defendant must show that he would have prevailed on the suppression motion, and that there is reasonable probability that the successful motion would have affected the outcome, Van-tran v. Lindsey, 212 F.3d 1143, 1145 (9th Cir. 2000).

Based on the above statements I've made, I pray that the courts will conduct an inquiry sufficient to determine the truth and scope of my allegations and grant this motion to withdraw my plea. I Thank You for your time !!

SINCERELY,

Samuel M. Kaauwai III

#89783022

11.12.06