1
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF HAWAII
2
UNITED STATES OF AMERICA,        )    CR. No. 03-00248DAE
3                                )
                Plaintiff,       )    Honolulu, Hawaii
4                                )    October 17, 2003
                                 )    10:20 a.m.
5         v.                     )
                                 )    COPY
6    SAMUEL K. KAAUWAI, III,      )
                                 )
7                Defendant.       )
     _____)
8

9     TRANSCRIPT OF WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD ANEW
            BEFORE THE HONORABLE LESLIE E. KOBAYASHI
10               UNITED STATES MAGISTRATE JUDGE.

11   APPEARANCES:

12   For the Plaintiff:          U.S. ATTORNEY'S OFFICE
                                 By:  MARSHALL SILVERBERG, ESQ.
13                               300 Ala Moana Boulevard, #6100
                                 Honolulu, Hawaii 96850
14
     For the Defendant:          WILLIAM M. DOMINGO, ESQ.
15                               568 Halekauwila Street, 2nd Floor
                                 Honolulu, Hawaii 96813
16

17

18   Transcriber:               Jessica B. Cahill
                                 P.O. Box 1652
19                               Wailuku, Maui, Hawaii 96793
                                 Telephone: (808)244-0776
20

21

22

23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
24

25                              EXHIBIT  4

1          THE CLERK:  United States District Court for the

2    District of Hawaii, with the Honorable Leslie E. Kobayashi,

3    United States Magistrate Judge presiding is now in session.

4    Please be seated.

5          Criminal 03-00248DAE, United States of America versus

6    Samuel K. Kaauwai, III.  This case has been called for hearing

7    on a motion for withdrawal of not guilty plea and to plead anew.

8          MR. SILVERBERG:  Good morning, your Honor, Marshall

9    Silverberg on behalf of the United States.

10          THE COURT:  Good morning.

11          MR. DOMINGO:  Good morning, your Honor, may the record

12    reflect the presence of Samuel K. Kaauwai, III, along with

13    Assistant Federal Defender William Domingo.

14          THE COURT:  All right.  Good morning.  Mr. Kaauwai,

15    the record will reflect your presence.  Is it your intention

16    today to plead guilty to some or all of the charges against you

17    in this case?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  All right.  Is there a plea agreement in

20    this case?

21          MR. SILVERBERG:  Yes, your Honor.

22          THE COURT:  There is?

23          MR. SILVERBERG:  We should have sent it to the

24    chambers yesterday.  I'm sorry if you didn't get it.

25          THE COURT:  Oh, no, I -- I do have it.  I just -- did

T

1    he sign it?

2          MR. SILVERBERG:  Yeah, he signed it this morning in

3    the courtroom.

4          THE COURT:  Okay.  I have -- oh, I'm sorry, I do have

5    it here.  I put things right on top of it.  Very good.  So,

6    there's a plea agreement in the matter.  All right.

7          Mr. Kaauwai, before the Court can accept your guilty

8    plea I must know that you understand what you are doing, that

9    you are pleading guilty freely and voluntarily, that there is a

10   factual basis for your change of plea, and that the ends of

11   justice would be met by permitting you to change your plea.

12         To make sure that you understand I will ask you

13   questions.  If at any time you do not understand or hear the

14   questions I ask of you please say so.  Do you understand that?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  All right.  Mr. Nakamura, if you would

17   please administer the oath to the defendant.

18                    SAMUEL K. KAAUWAI, III

19   Was called by the Court and after having been first duly sworn

20   was examined and testified as follows:

21         THE COURT:  What is your full name?

22         THE DEFENDANT:  My full name is Samuel Mahila Kaauwai,

23   the third.

24         THE COURT:  Okay.  Mr. Kaauwai, how old are you?

25         THE DEFENDANT:  I am 37.

1           THE COURT:  All right.  How far did you go in school?

2           THE DEFENDANT:  My sophomore year.

3           THE COURT:  All right.  And you're able to read and

4    write; is that correct?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Have you taken any medication, alcohol or

7    drugs of any kind today?

8           THE DEFENDANT:  No, your Honor.

9           THE COURT:  Are you feeling well and alert and able to

10   understand what's going on?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Have you been treated recently for any

13   mental illness or addiction to narcotic drugs of any kind?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Mr. Domingo, to the best of your

16   knowledge, is your client fully competent and capable of

17   entering a valid plea?

18          MR. DOMINGO:  Yes, your Honor.

19          THE COURT:  The Court finds the defendant is fully

20   competent and capable of entering a valid plea.  Now, if you

21   wish, you can choose to enter a guilty plea in this case -- you

22   have that right to enter the guilty plea before a United States

23   District Judge.  If you consent today, however, you may enter

24   your plea before me as a United States Magistrate Judge.  If you

25   did so, then Judge Ezra will impose sentence at a later

1    hearing.   Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  All right.   I have before me a consent to

4    Rule 11 plea in a felony case.   It's file marked October 17,

5    2003.   On the second page it has the signatures of Mr. Kaauwai,

6    Mr. Domingo and Mr. Silverberg.   Is that your signature on the

7    page?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  By signing this did you wish to consent to

10   enter your plea before a United States Magistrate Judge and to

11   give up your right to enter that plea before a United States

12   District Judge?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  All right.   And, counsel, did you discuss

15   the con -- consent form with your client, and are you fully

16   satisfied that he understands it?

17             MR. DOMINGO:  Yes, your Honor.

18             THE COURT:  And you've signed it also; correct?

19             MR. DOMINGO:  Yes, I have.

20             THE COURT:  The Court finds the defendant has

21   consented to enter his plea before a United States Magistrate

22   Judge.   Have you received a copy of the indictment that is the

23   written charges pending against you in this case?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Have you read through those charges and

1  fully discussed those charges and all the facts surrounding

2  those charges with Mr. Domingo your attorney?

3          THE DEFENDANT:  Yes, I have.

4          THE COURT:  Are you fully satisfied with the legal

5  representation that you have received from Mr. Domingo in your

6  case?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  And, Mr. Domingo, are -- is

9  your client's guilty plea and other actions before the Court

10 today pursuant to your advice and recommendation?

11         MR. DOMINGO:  Yes, your Honor.

12         THE COURT:  The Court has the memorandum of plea

13 agreement.  This is the original dated October 17, 2003.  It is

14 a paginated document and on the last page it is numbered 13.  It

15 has the signatures of counsel as well as the defendant, and is

16 that your signature on the last page, Mr. Kaauwai?

17         THE DEFENDANT:  Yes, it is, your Honor.

18         THE COURT:  All right.  Did you have an opportunity to

19 read this document and to discuss it with your lawyer before you

20 signed it?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you understand the terms of the plea

23 agreement?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Is this the only and entire agreement that

7

1   you have with the Government?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  Have you -- has anyone made any other or

4   different promises or assurance of any kind in order to get you

5   to plead guilty?

6        THE DEFENDANT:  No, your Honor.

7        THE COURT:  Has anyone attempted in any way to force

8   you to plead guilty, or to threaten you, or pressure you in any

9   way?

10        THE DEFENDANT:  No, your Honor.

11        THE COURT:  Mr. Silverberg, if you would state the

12   essential terms of the plea agreement including specifically the

13   waiver of appeal provisions?

14        MR. SILVERBERG: Yes, your Honor.  The defendant agrees

15   to plead guilty to Count 1, which charges him with being a

16   convicted felon who possessed a firearm and ammunition that

17   traveled in interstate commerce in violation of Title 18, United

18   States Code, Section 922G1.

19        In exchange for agreeing to do that the Government

20   agrees that at the time of sentencing we'll move the Court to

21   dismiss the remaining Counts, that is Counts 2 and 3.

22        The defendant agrees to waive his right to proceed to

23   trial, including all the rights that are associated with going

24   to trial, including taking the stand, presenting a defense, and

25   cross-examining the Government's witnesses.

Case 1:03-cr-00248-DAE    Document 82-4    Filed 01/11/2007    Page 8 of 26

8

1          He waives his right to appeal in all instances except

2   for two.  That is if the Court makes an upward departure and the

3   defendant reserves the right to challenge on appeal that -- the

4   upward departure.

5          In addition, the defendant reserves the right to

6   challenge on appeal the ineffective assistance of counsel.  That

7   is he can raise that issue on appeal or collaterally.  Except

8   for those two issues he waives his right to appeal.

9          Finally, the defendant agrees to be bound by his plea

10  agreement and not to seek to withdraw from it, but if he

11  nonetheless decides to seek to withdraw from it, and the Court

12  allows him to withdraw from it that any statements that he makes

13  today in front of this Court or in the plea agreement regarding

14  his guilt or otherwise could be used against him in any

15  subsequent trial or other proceeding.

16          THE COURT:  What Mr. Silverberg has just explained to

17  the Court does that accurately state what you understand to be

18  your agreement with the Government?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you fully understand the charges

21  covered by the plea agreement?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  All right.  Do you understand that you are

24  giving up all of your rights to appeal any sentence imposed, or

25  to collaterally attack any sentence except in two limited

1    circumstances.

2            One, in the event that you allege that Mr. Domingo was

3    ineffective as your attorney; or two, in the event that the

4    sentencing judge imposes a sentence that is more severe -- that

5    is above the guideline range as an upward departure and imposes

6    a more severe sentence. In all other instances you'll be giving

7    up your rights to appeal. Do you understand?

8            THE DEFENDANT: So, what we had agreed on every and

9    everything and what I fall under my -- my guidelines --

10           THE COURT: Uh-huh.

11           THE DEFENDANT: -- the Judge still can go higher than

12    that. Is that what you're saying?

13           THE COURT: In some circumstances the Judge has the

14    authority to impose a sentence that might be more severe or less

15    severe than the guideline range.

16            If the Judge imposes a sentence that is less severe or

17    within the guideline range you don't have a right to appeal

18    that. You're giving up that right. But if he -- if he imposes

19    a sentence that is higher, that is more severe; in that instance

20    you would still be able to appeal the sentence. You're not

21    giving up your right.

22           THE DEFENDANT: Okay.

23           THE COURT: Okay. So, in -- in the event that he does

24    an upward departure, meaning higher --

25           THE DEFENDANT: Yes.

Case 1:03-cr-00248-DAE    Document 82-4    Filed 01/11/2007    Page 10 of 26

10

1          THE COURT:  -- than the guideline range you still have

2     the right to either appeal the sentence or to collaterally

3     attack that sentence.  All right.

4          THE DEFENDANT:  Okay.  I understand now, your Honor.

5          THE COURT:  Okay.  But other than that -- or in the

6     event that you say that Mr. Domingo was ineffective as your

7     attorney, you -- you don't have any rights to --

8          THE DEFENDANT:  No, he has given me all his -- his

9     honesty.

10         THE COURT:  -- right.  Okay.

11         THE DEFENDANT:  Yeah.

12         THE COURT:  So, that's what this agreement provides

13    for is that in addition to they're agreeing after sentencing to

14    dismiss those other Counts, this -- that -- that you're agreeing

15    that you will give up your rights to appeal except for those two

16    limited circumstances.

17         THE DEFENDANT:  I understand, your Honor.

18         THE COURT:  Okay.  For the offense charged in Count 1

19    if you would state the possible penalties that he would face if

20    he pleads guilty including the maximum and mandatory minimum

21    periods of imprisonment, maximum and minimum fines, whether

22    there's a maximum period of supervised release, or a mandatory

23    minimum period of supervised release, and what special penalty

24    assessment applies?

25         MR. SILVERBERG: Yes, your Honor.  There -- there is no

 1  mandatory minimum term of imprisonment.  There is a maximum

 2  sentence of ten years, and there's no minimum fine.  There's a

 3  maximum fine of $250,000.00.  The supervised release under the

 4  guidelines is between two and three years, and there is a

 5  mandatory $100.00 special assessment.

 6          THE COURT:  Mr. Domingo, do you agree with that

 7  summary as to the possible penalties?

 8          MR. DOMINGO:  Yes, your Honor.

 9          THE COURT:  Do you understand, Mr. Kaauwai, that these

10  are the possible penalties which would apply if you enter a

11  guilty plea to the charge of Count 1 against you in this case?

12          THE DEFENDANT:  My -- my guilty plea, your Honor, then

13  this $250,000.00 fine, would I have to pay that?

14          THE COURT:  Well, that's -- that's the maximum that

15  you would face -- that -- that -- under the statute.  What I've

16  asked him to say is that's not necessarily what your sentence is

17  going to be --

18          THE DEFENDANT:  Uh-huh.

19          THE COURT:  -- but that is the maximum.  So, you have

20  a risk -- a potential of facing that.

21          THE DEFENDANT:  Oh, okay.

22          THE COURT:  Of being ordered to do that, but it will

23  be up to Judge Ezra.  So, I've asked Mr. Silverberg to state

24  what is the maximum fine --

25          THE DEFENDANT:  Oh, okay.

Case 1:03-cr-00248-DAE    Document 82-4    Filed 01/11/2007    Page 12 of 26

12

1          THE COURT:  -- that you could be required, and you

2    wouldn't be required to pay more than $250,000, but there's no

3    minimum fine.  So, it could be anywhere from zero to $250,000.

4          THE DEFENDANT:  Oh, okay.  Okay, your Honor, I

5    understand.

6          THE COURT:  All right.  All right.  So, you understand

7    the sum -- the possible penalties?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  During a period of supervised

10   release you have to comply with a set of conditions that will be

11   explained to you by the probation officer.  These conditions

12   include that you obey the law, that you report to the probation

13   officer as required and other conditions.

14          If the Court determines that you violated any of those

15   conditions during the period of supervised release you could be

16   ordered to serve prison time.  Do you understand that?  All

17   right.  So, supervised release is like on the State side what

18   they would call as probation.

19          THE DEFENDANT:  Yes.

20          THE COURT:  All right.  There is a period of time that

21   you have to comply, and if you violate you could come back to

22   Court and the Court can say, listen, you got to serve prison

23   time.  You understand that?

24          THE DEFENDANT:  Okay.  So, your Honor, like, it says,

25   like, ten years.  If I do my ten years I get supervised release.

1            THE COURT:  For at least two years.

2            THE DEFENDANT:  So, after my ten years I do, like, two

3    years more --

4            THE COURT:  Right.

5            THE DEFENDANT:  -- for supervised release.

6            THE COURT:  Right.

7            THE DEFENDANT:  And then if I, excuse me, if I violate

8    any of my stipulations, like, I don't report in or something I

9    would have to do those two years then, or I pick up another new

10   case?  I'm just --

11           THE COURT:  For two years you would -- well, at least

12   two years --

13           THE DEFENDANT:  -- yeah.

14           THE COURT:  -- you'll probably have to report to your

15   probation officer.  All right.  And you're going to have

16   conditions.  Probably that you be drug free and whatever.

17           THE COURT:  Yes, your Honor.

18           THE COURT:  And so, if you violate during that time

19   you would come in before the Judge, and the Judge would make a

20   determination whether to make you be on supervised release for a

21   longer period of time, or even make you go back to prison and

22   serve additional time.

23           THE DEFENDANT:  Okay, your Honor.

24           THE COURT:  Okay.  You understand?

25           THE DEFENDANT:  I understand.

1              THE COURT:  All right.  Are you presently on

2     probation, parole, or supervised release from another case?

3              THE DEFENDANT:  I'm on probation right now on the

4     State side.

5              THE COURT:  All right.  If you plead guilty to the

6     present charge, that is Count 1, this may result in the

7     revocation of your probation on the State side.  Do you

8     understand that?

9              THE DEFENDANT:  Yes, I -- I do.

10             THE COURT:  Okay.  All right.  Does the United States

11    contend today, Mr. Silverberg, that the offense to which he is

12    today pleading guilty occurred while he was out on bond in

13    relation to some other Federal criminal charge?

14             MR. SILVERBERG:  No, your Honor.

15             THE COURT:  If you are convicted of the charges in

16    this case you may lose valuable civil rights including the right

17    to vote, the right to serve on a jury, the right to hold public

18    office, and the right to possess any kind of firearm.  Do you

19    understand that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  All right.  The United States Sentence --

22    Sentencing Commission has issued guidelines for Judges to use in

23    determining sentences in criminal cases.  Have you and Mr.

24    Domingo discussed those guidelines and how they may apply to you

25    and your case?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.  Do you understand that the

3    Judge will not be able to determine the guideline sentence for

4    your case until after the presentence report has been prepared,

5    and until after you and Mr. Domingo and Mr. Silverberg have had

6    a chance to read that report and to file any objections to the

7    information in that report and the application of the guidelines

8    as recommended by the probation officer?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  All right.  Do you also understand that

11    any sentence imposed by the Judge may be different from any

12    estimate that your lawyer may have given you?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  All right.  Do you also understand that

15    after your guideline range has been determined the Court has the

16    authority in some circumstances to depart from those guidelines

17    and to impose a sentence that is less severe, that's called a

18    downward departure; or more severe, an upward departure than

19    what's required by the guidelines?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  If the sentence is more severe than you

22    expected you will still be bound by your guilty plea.  Even if

23    you do not like the sentence imposed you will not be able to

24    change your guilty plea or to take it back.  So, the time to

25    make that decision is now.  Do you understand that?

Case 1:03-cr-00248-DAE    Document 82-4    Filed 01/11/2007    Page 16 of 26

16

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Parole has been abolished.  If you are

3   sentenced to prison you will not be released on parole.  Do you

4   understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  You have certain rights.  You have the

7   right to plead not guilty to any offense charged against you and

8   to persist in that plea.  You would then have the right to trial

9   by jury.

10         At trial you'd have the right to have an attorney

11   represent you and defend you, the right to see and hear all

12   witnesses, the right to have your attorney cross-examine those

13   witnesses, the right to testify or remain silent and not

14   testify, and the right to have the Court issue subpoenas for any

15   witnesses you wish to call in your defense.

16         At trial you would be presumed to be innocent and the

17   United States would have the burden of proving that you are

18   guilty beyond a reasonable doubt.  Before you can be convicted

19   all 12 jurors must be convinced that the United States met that

20   burden.

21         If you are convicted after a trial you would then have

22   the right to appeal that conviction to a higher Court, and if

23   you could not afford to pay the cost of such an appeal the

24   Government would pay those costs for you.  Do you understand

25   that you have this right to trial as well as the other rights

1   that I've just explained?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  But if you plead guilty you'll be waiving

4   or giving up your rights and there will be no trial.  Do you

5   understand that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  All right.  As long as you plead not

8   guilty you have the right to remain silent, but if you choose to

9   plead guilty today I am going to ask you what it is that you did

10  that makes you guilty of Count 1, and you must answer truthfully

11  under oath even if your answers establish that you committed a

12  crime.  Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Mr. Silverberg, if you would summarize for

15  the defendant and the Court the essential elements that the

16  Government would have to prove if this matter went to trial?

17          MR. SILVERBERG:  Yes, your Honor.  There are three

18  elements.  That is that the defendant possessed a firearm or

19  ammunition as charged in Count 1 of the indictment.  Two, that

20  at the time he possessed the firearm or ammunition he had

21  previously been convicted of a felony offense.  And three, the

22  firearm or ammunition traveled at some point earlier in

23  interstate commerce.

24          THE COURT:  Mr. Domingo, do you disagree in any

25  respect with that summary?

1          MR. DOMINGO: No, your Honor.

2          THE COURT:  Mr. Kaauwai, do you understand that if

3    there were a trial on these charges the Government would have to

4    bring evidence such as witnesses and the exhibits required to

5    prove each of those essential elements beyond a reasonable

6    doubt?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  All right.  Now, the plea agreement

9    includes a written summary of the facts upon which the plea is

10   based.  These appear at page 3, starting at paragraph 8 --

11   starting on page 3 and going on through page 5.  Have you had an

12   opportunity to read that statement of facts?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Are those facts true in every respect?

15         THE DEFENDANT:  Excuse me.  Yes -- yes, it is, your

16   Honor.

17         THE COURT:  All right.  On page 3, it lists that you

18   were convicted of several felony offenses; is that true and on

19   those dates?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  All right.  Now, tell me what it is that

22   you did that constitutes the crime charged against you in this

23   case?

24         THE DEFENDANT:  The charge that I'm -- I'm against

25   right now?

1              THE COURT:  That you're pleading guilty to, yes.

2              THE DEFENDANT:  I was carrying a firearm.

3              THE COURT:  Uh-huh.

4              THE DEFENDANT:  Oh, on -- on March 14th, that the

5    firearm that was in the --

6              THE COURT:  The backpack?

7              THE DEFENDANT:  -- the backpack --

8              THE COURT:  All right.

9              THE DEFENDANT:  -- that I'm pleading guilty to.

10             THE COURT:  All right.  And the ammunition as well?

11             THE DEFENDANT:  And the ammunition.

12             THE COURT:  All right.  And did these events occur

13   within the State of Hawaii?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  All right.  And you knew that you weren't

16   supposed to be carrying any firearms, because you were a

17   convicted felon; is that correct?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And it also has statements in the summary

20   of facts about -- about statements that you made to officers; is

21   that true, with regard to the backpack and the possession of the

22   firearm?

23             THE DEFENDANT:  I denied it was my backpack.

24             THE COURT:  Right.  But then later on you did admit

25   that --

1          THE DEFENDANT:  To the State side -- the detective.

2          THE COURT:  -- right.

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  About the possession of the firearm; is

5     that correct?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  All right.  And then you don't -- you

8     don't dispute that the firearm -- the Beretta was made on the

9     mainland and brought at some point to Hawaii; correct?  Not that

10    you know it personally, but you don't deny that?

11         THE DEFENDANT:  Oh, no, I don't.

12         THE COURT:  It says -- apparently they have

13    information from the ATF special agent --

14         THE DEFENDANT:  Yes.

15         THE COURT:  -- that the firearm was manufactured in

16    Maryland, and the bullets were manufactured in Connecticut.  You

17    don't deny that; right?

18         THE DEFENDANT:  Okay.  I don't deny that.

19         THE COURT:  And you had it here in Hawaii; correct?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Okay.  All right.  The Court finds that

22    there is sufficient basis in fact concern -- containing each of

23    the essential elements of the offense charged against him.

24         Now, if you plead guilty the Court will order a

25    presentence report be prepared.  This is that report about you

21

1   and your case.  The sentencing judge will decide whether or not

2   to accept your plea agreement based in part on the information

3   provided in that presentence report.

4          If the sentencing judge decides to reject your plea

5   agreement you will have an opportunity to take back your guilty

6   plea and to plead not guilty.  Do you understand that?  But

7   that's only if he rejects the plea agreement.  Do you

8   understand?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Okay.

11          THE DEFENDANT:  I -- I have a question.

12          THE COURT:  Yes.

13          THE DEFENDANT:  Is that my currency that was in -- in

14   my possession.  As they was counting it out, you know, I had it

15   in separate pockets.  So, they pulled out some -- some currency

16   from one pocket, and they was counting it to put it into my

17   property.  Then they checked another pocket, and they started

18   counting out the other one.  And then they went to another

19   pocket and at that time when they pulled out currency from my

20   back pocket they found a small package of crystal meth that was

21   in my back pocket with part of my currency.

22          So, they confiscated that currency because of that,

23   but I was hoping, you know, since -- I'm pleading guilty so, I'm

24   not sure if I'll be able to get back that currency, or is -- is

25   that completely tooken [sic] away from me?

1          THE COURT:  Well, that's something that I think you

2    have to follow-up with Mr. Silverberg.  I don't know -- I'm not

3    aware of any forfeiture action.

4          MR. SILVERBERG:  Well, there's no forfeiture action,

5    Judge, but my understanding is we didn't have the currency ever

6    in our possession.  It was always maintained by the State in

7    their possession, and it was a robbery victim from whom most of

8    the currency was taken from.

9          So, I -- I've been told, and I don't know if this has

10   actually occurred, I've been told that that currency went back

11   to the victim.  Now, whether that currency includes all the

12   money from the defendant or just the hundreds that we believe

13   were -- was robbed from the victim, I don't know at this point.

14         THE COURT:  Uh-huh.

15         MR. SILVERBERG:  But I don't have any of it.  If he's

16   going to want that money back they're going to have to do

17   something with the State, I think, because we've never taken

18   possession of that evidence.  We would have taken possession if

19   it went to trial, but we've never had it transferred to us now,

20   and -- and I just know the status.  And frankly if we did have

21   it I would ask for it to be paid in terms of a fine or

22   restitution to the victim anyway.

23         THE DEFENDANT:  Yeah.

24         MR. SILVERBERG:  So, the -- the chances of him getting

25   that money back were between zero and nil as far as we were

23

1  concerned.

2          THE COURT:  Right.  Okay.  All right.  I'm going to

3  ask you now how do you plead to the charge against you then in

4  Count 1 that charges you with on or about March 14, 2003, in the

5  District of Hawaii, that you having previously been convicted of

6  a crime punishable by imprisonment for a term exceeding one year

7  did knowingly possess in or effecting commerce a firearm, to wit

8  at Beretta model 84, 380 semi-automatic pistol, manufactured by

9  Beretta in Maryland and five rounds of 380 ammunition

10 manufactured by CCI in Idaho?

11         THE DEFENDANT:  Guilty.

12         THE COURT:  Wait.  I'll -- okay.  That's what it says

13 in that, but the plea agreement says manufactured in

14 Connecticut.

15         MR. SILVERBERG:  Yeah, I -- I think it's actually

16 Idaho.  I'm not sure how the plea agreement said Connecticut.

17 Either way the -- the essential element is that it's made

18 outside of Hawaii --

19         THE COURT:  Manufactured, yeah.

20         MR. SILVERBERG:  -- yeah.

21         THE COURT:  All right.

22         MR. SILVERBERG:  And maybe that's why most of my

23 colleagues actually put the other State, but it's manufactured

24 in -- but I believe that it's Idaho.

25         THE COURT:  All right.  How do you now plead to that

1  charge guilty or not guilty?

2          THE DEFENDANT:  Guilty, your Honor.

3          THE COURT:  Mr. Domingo, are you aware of any reason

4  why we shouldn't accept your client's plea of guilty to Count 1

5  against him?

6          MR. DOMINGO:  No, your Honor.

7          THE COURT:  The Court finds the defendant is fully

8  competent and capable of entering a valid plea, that his plea of

9  guilty is knowing and voluntary and supported by an independent

10  basis in fact containing each of the essential elements of the

11  charge against him.

12          I am therefore signing the report and recommendation

13  concerning plea of guilty, and I am recommending that subject to

14  the Court's consideration of the plea agreement that he be

15  adjudged guilty and have sentence imposed.  Objections to the

16  report and recommendations are waived unless filed and served

17  within ten days of today's date.

18          Now, Mr. Kaauwai, I'm ordering our Probation to

19  prepare that presentence report.  This is the report about you

20  and your case.  The probation officer will need to interview

21  you.  If you wish your attorney can be present during that

22  interview.

23          Once the report is completed you'll have an

24  opportunity to read it and to make comments on it, and then at

25  the time of the sentencing hearing you and your attorney will

25

1    also have an opportunity to make a statement before the

2    sentencing judge imposes your sentence.

3            Mr. Nakamura, if you would please set the sentencing

4    date and time.

5            THE CLERK:  Sentencing as to Count 1 of the indictment

6    will be on July 6, Tuesday, 2004, at 1:30 p.m., before Chief

7    Judge David Alan Ezra.

8            THE COURT:  All right.  Anything further on behalf of

9    the Government?

10            MR. SILVERBERG:  No, your Honor.

11            THE COURT:  All right.  Mr. Silverberg.  Mr. Domingo,

12    anything further on behalf of your client?

13            MR. DOMINGO: Nothing further.  Thank you, your Honor.

14            THE COURT:  All right.  Then he's remanded back to the

15    custody of the U.S. Marshals Services pursuant to the prior

16    detention order.  Good luck to you, sir.  We're in recess.

17            THE CLERK:  All rise.  This Honorable Court stands in

18    recess.

19            (At which time the above-entitled proceedings were

20    concluded.)

21

22

23

24

25

1

2

3                    <u>CERTIFICATE</u>

4          I, court approved transcriber, certify that the

5   foregoing is a correct transcript from the official electronic

6   sound recording of the proceedings in the above-entitled matter.

7          Dated this 22nd day of November, 2006.

8

9                              *(signature)*

10

11                              Jessica B. Cahill

12

13

14

15

16

17

18

19

20

21

22

23

24

25